**Application of Clifford E. LOEHR.**
**Patent Appeal No. 9212.**

United States Court of Customs
and Patent Appeals.

Aug. 29, 1974.

George D. Morris, Pittsburgh, Pa., attorney of record for appellant; Russell A. Eberly, Mark Levin, Irwin M. Stein, Pittsburgh, Pa., George R. Jones, Jones & Lockwood, H. Walter Haeussler, Arlington, Va., of counsel.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents; Gerald H. Bjorge, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE, and MILLER, Judges.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals rejecting claims 2, 4, 5, 8, 10 and 11 in appellant's application [1] on a new ground pursuant to Patent Office Rule 196(b), 37 CFR 1.196(b). Claim 12 stands allowed. The main issue in this appeal is whether the Board of Appeals has statutory administrative jurisdiction to reject appealed claims on new grounds. We affirm on this issue.

### The Invention

Claim 8 adequately exemplifies the claimed subject matter for our disposition of this appeal:

8. In the process for producing pigmentary metal oxide by vapor phase oxidation of the corresponding metal halide in a reactor wherein reactants are introduced into said reactor through a reactant inlet nozzle assembly upon the exposed surfaces of which metal oxide deposits, the improvement which comprises inhibiting the growth of said metal oxide deposits by vibrating directly said inlet nozzle assembly at vibrational frequencies and with force sufficient to inhibit said growth.

Appellant's specification (other than the claims) and one of the two references relied on by the board were omitted from the printed transcript of record.

### Patent Office Proceedings

In the Final Action and the Examiner's Answer, the examiner rejected claims 2, 4, 5, 8, 10 and 11 under 35 U.S.C. § 112. The basis for this rejection was that the claims were "vaguely and functionally expressed" and "indefinite" or "unduly broad." No prior art rejection under 35 U.S.C. § 102 or 35 U.S.C. § 103 was made nor were any prior art references cited by the examiner.

The board determined that the examiner's rejection was "predicated on the fact that the appealed claims do not recite specific numerical ranges for the frequency and force at which the vibration of the reactor nozzle is performed." It reversed this rejection and further stated:

\* \* \* \* \* \*

However, we do not believe that the appealed claims recite a patentable invention. Hence, we are required to make a new rejection of these claims under the provisions of Rule 196(b).

Claims 2, 4, 5, 8, 10, and 11 are rejected under 35 U.S.C. 103 as being unpatentable over "Vibrating," the Vibco Inc. publication [cited by appellant in a Rule 116 amendment], and "Vibrolator Vibrators," the Martin Engineering Company publication [cited by board].

We make this new rejection fully cognizant of the fact that the Examiner has allowed claim 12. The allowed claim differs from the newly rejected claims only in reciting specific values for the force and frequency of the vibration used in the instant process. The Examiner may wish to review the

[1.] Serial No. 856,684, filed September 10, 1969, for "Method for Preventing Metal Oxide Growth."

allowance of claim 12 in the light of our present holdings.

The decision of the Examiner is reversed. We have made a new rejection of the appealed claims under the provisions of Rule 196(b).

\*　　\*　　\*　　\*　　\*　　\*

Appellant did not seek any reconsideration provided for in Rule 196(b) and appealed directly to this court.

#### Appellant's Arguments

Appellant contends that the Board of Appeals is not authorized by statute to originate, *sua sponte,* a truly new rejection of appealed claims and that any such action exceeds its jurisdiction conferred solely by 35 U.S.C. § 7.[2]

Appellant's second contention is that since Patent Office Rule 196(b), 37 CFR 1.196(b),[3] is an effort by the Commissioner of Patents to confer jurisdiction on the Board of Appeals greater than that authorized by 35 U.S.C. § 7, the rule is invalid as inconsistent with law under 35 U.S.C. § 6(a).[4]

2. § 7. Board of Appeals
The examiners-in-chief shall be persons of competent legal knowledge and scientific ability. The Commissioner, the assistant commissioners, and the examiners-in-chief shall constitute a Board of Appeals, which, on written appeal of the applicant, shall *review adverse decisions of examiners* upon applications for patents. Each appeal shall be heard by at least three members of the Board of Appeals, the members hearing such appeal to be designated by the Commissioner. The Board of Appeals has sole power to grant rehearings. [First paragraph only, emphasis ours.]

3. § 1.196 Decision by the Board of Appeals.
(b) Should the Board of Appeals have knowledge of any grounds not involved in the appeal for rejecting any [appealed] claim, it may include in its decision a statement to that effect with its reasons for so holding, which statement shall constitute a rejection of the claims. The appellant may submit an appropriate amendment of the claims so rejected or a showing of facts, or both, and have the matter reconsidered by the primary examiner. The statement shall be binding upon the primary examiner unless an amendment or showing of facts not previously of record be made which, in the opinion of the primary examiner, avoids the additional

Finally, appellant contends that the Board of Appeals has denied him due process of law in violation of the Fifth Amendment by the "adverse comment" on allowed claim 12.

Appellant has not briefed or argued the merits of the board's new rejection based on 35 U.S.C. § 103.

#### OPINION

*The Board's Statutory Administrative Jurisdiction*

■■　We hold that the Board of Appeals acted within its statutory administrative jurisdiction under 35 U.S.C. § 7 when it rejected the appealed claims on a new ground. Therefore, we further hold that the relevant part of Rule 196(b) is "not inconsistent with law" under 35 U.S.C. § 6(a).

■　The statutory scheme enacted by the Congress convinces us that the phrase "review adverse decisions of examiners" as used in 35 U.S.C. § 7 is not to be interpreted restrictively. The members of the Board of Appeals are

ground for rejection stated in the decision. The applicant may waive such reconsideration before the primary examiner and have the case reconsidered by the Board of Appeals upon the same record before them. Where request for such reconsideration is made the Board of Appeals shall, if necessary, render a new decision which shall include all grounds upon which a patent is refused. The applicant may waive reconsideration by the Board of Appeals and treat the decision, including the added grounds for rejection given by the Board of Appeals, as a final decision in the case.

4. § 6. Duties of Commissioner
(a) The Commissioner, under the direction of the Secretary of Commerce, shall superintend or perform all duties required by law respecting the granting and issuing of patents and the registration of trademarks; shall have the authority to carry on studies and programs regarding domestic and international patent and trademark law; and shall have charge of property belonging to the Patent Office. He may, subject to the approval of the Secretary of Commerce, establish regulations, *not inconsistent with law,* for the conduct of proceedings in the Patent Office. [Emphasis ours.]

denominated "examiners-in-chief" in both 35 U.S.C. § 3 ("Officers and employees") and 35 U.S.C. § 7. The title chosen by the Congress implies that the members of the board have authority *to examine* or *reexamine* appealed claims.

Furthermore, the right of an applicant to appeal from the decision of the primary examiner to the Board of Appeals is given by 35 U.S.C. § 134,[5] which is part of "Chapter 12—*Examination* of Application" (emphasis ours) in Title 35 U.S.C. Thus, the Congress created a Board of Appeals, composed of "examiners-in-chief," which functions as part of the overall Patent Office examination process noted by the Supreme Court in Graham v. John Deere Co., 383 U.S. 1, 18, 86 S.Ct. 684, 694, 15 L.Ed.2d 545 (1966):

> \* \* \* it must be remembered that the primary responsibility for sifting out unpatentable material lies in *the Patent Office*. To await litigation is —for all practical purposes—to debilitate the patent system. \* \* \* [Emphasis ours.]

This court has frequently approved the action of the Board of Appeals in rejecting appealed claims on new grounds. For example, In re Peterson, 189 F.2d 288, 291, 38 CCPA 1068, 1073 (1951), contains the following observation:

> It is trite to state that it is within the jurisdiction of the Board of Appeals to apply grounds of rejection not relied upon by the examiner. \* \* \*

Another example is In re Hughes, 345 F.2d 184, 185, 52 CCPA 1355, 1357 (1965), where this court commented:

> We do not mean by this to imply that the Board of Appeals may not, if it sees fit, enter new or alternative grounds for rejection of claims in an appealed application. Such practice is not uncommon and is often of great

value in clarifying the examiner's position or in correcting errors and oversights. And if the new ground of rejection is properly identified as such, the applicant is in no way prejudiced, for he has the benefit of the adequate procedural safeguards of Rule 196(b).

The historical origin of the phrase "review adverse decisions of examiners" (35 U.S.C. § 7) traces back to Section 2 of the Act of March 2, 1861, ch. 88, 12 Stat. 246, where the language "to revise and determine upon" was employed. In Butterworth v. United States ex rel. Hoe, 112 U.S. 50, 66, 5 S.Ct. 25, 33, 28 L. Ed. 656 (1884), the Supreme Court made this statement regarding that section:

> The act of [March 2,] 1861, c. 88, 12 Stat. 246, created the office of examiners in chief, "for the purpose of securing greater uniformity of action in the grant and refusal of letters patent," "to be composed of persons of competent legal knowledge and scientific ability, whose duty it shall be, on the written petition of the applicant for that purpose being filed, *to revise and determine upon* the validity of decisions made by examiners when adverse to the *grant of letters patent;* \* \* \*." [Emphasis ours.]

The 1841 edition of Noah Webster's *An American Dictionary Of The English Language,* vol. II, p. 486, contains the following definitions of "revise":

1. To review; to re-examine; to look over with care for correction; as, to *revise* a writing; to *revise* a proof sheet. Pope.

2. To review, alter and amend; as, to *revise* statutes. Boyle.

Thus, the Congress, in its original enactment on this point, expressed an intent to confer upon the examiners-in-chief the power to examine or reexamine appealed claims.

5. § 134. Appeal to the Board of Appeals
An applicant for a patent, any of whose the Board of Appeals, having once paid the claims has been twice rejected, may appeal from the decision of the primary examiner to fee for such appeal.

### The Board's Comment on Allowed Claim 12

■ Appellant's contention is that the board's "adverse comment" on allowed claim 12 denied him due process of law under the Fifth Amendment.

Under 35 U.S.C. § 141,[6] an action taken by the Board of Appeals must amount to a "decision" or this court has no jurisdiction to review that action. In re James, 432 F.2d 473, 57 CCPA 1371 (1970). Here, the board's comment did not amount to a "decision." The board merely stated: "[t]he Examiner may wish to review the allowance of claim 12 in the light of our present holdings." Hence, this portion of the appeal must be dismissed for lack of jurisdiction in this court.

### The Merits of the Board's New Rejection

■ Appellant's notice and reasons of appeal filed with the Commissioner under 35 U.S.C. § 142[7] would justify our consideration of the merits of the board's new rejection based on 35 U.S.C. § 103. However, appellant's failure to brief and argue the merits of the new rejection must be construed as an abandonment thereof for the purposes of this appeal. See In re Golen, 352 F.2d 385, 53 CCPA 724 (1965) and In re Le Baron, 223 F.2d 471, 42 CCPA 956 (1955). Therefore, the board's new rejection of claims 2, 4, 5, 8, 10 and 11 under 35 U.S.C. § 103 is affirmed.

In summary, the decision of the Board of Appeals is affirmed on the issue of its statutory administrative jurisdiction to reject appealed claims on a new ground and on the merits of the new rejection. Insofar as the appeal relates to the board's comment on allowed claim 12, it is dismissed for lack of jurisdiction.

Affirmed.

---

6. § 141. Appeal to Court of Customs and Patent Appeals

An applicant dissatisfied with the *decision* of the Board of Appeals may appeal to the United States Court of Customs and Patent Appeals, thereby waiving his right to proceed under section 145 of this title. [First sentence only, emphasis ours.]

7. § 142. Notice of appeal

When an appeal is taken to the United States Court of Customs and Patent Appeals, the appellant shall give notice thereof to the Commissioner, and shall file in the Patent Office his reasons of appeal, specifically set forth in writing, within such time after the date of the decision appealed from, not less than sixty days, as the Commissioner appoints.