**Application of Ken HAYASHIBARA and Kaname Sugimoto.**

**Patent Appeal No. 75–552.**

United States Court of Customs and Patent Appeals.

Nov. 26, 1975.

Roger L. Browdy, Browdy & Neimark, Washington, D. C., attorney of record, for appellants.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents; Fred W. Sherling, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

RICH, Judge.

This appeal is from the decision of the Patent and Trademark Office Board of Appeals affirming the rejection of product claim 11 in application serial No. 789,934, filed January 8, 1969, for "Process For Preparing Foods and Drinks."[1] We reverse.

### The Invention

Appellants claim to have discovered that lactitol, described in their applica-tion as a polyhydric alcohol obtained as a reduction product of lactose, has outstanding properties as a sweetening agent for goods and drinks in that it is noncrystallizable, highly soluble, and capable of retaining moisture, can confer stability on flavorings and colorants, and has no food value per se in that it is not digested or absorbed by digestive organs of higher animals. In other words, it has no caloric value. They have applied their discovery particularly to low-caloric foods or drinks. Appealed claim 11 reads as follows:

> 11. A low caloric food or drink containing a low caloric sweetening agent and an agent for adding solid volume, body, moisture absorbance, luster and increased viscosity, wherein both said agents consist essentially of lactitol.

### The Rejection

The Examiner's Answer states that the rejection of claim 11 is "under 35 U.S.C. §§ 102 or 103"[2] as unpatentable over the sole reference, a 1963 French patent (No. 1,317,216) to N. V. Tervalon (hereinafter French patent).

The reference teaches "the *addition* to a *usual* food for infants, having a ratio lactose/proteins greater than 2, of 0.5–3g. of lactitol * * *." (Emphasis ours.) The only purpose disclosed for adding lactitol is to "obtain food preparations for infants which permit the production in their intestines of a pure or nearly pure bifid flora." This is obtained by a daily dose of lactitol, in the "usual food," of about 12g. of lactitol.

The Examiner's Answer states:

> Claim 11 is rejected under 35 U.S.C. §§ 102 or 103 as unpatentable over the French Patent which teaches the addition of lactitol to infants [sic] foods. The claims call for a drink containing lactitol and these claims would seem to be met, under the provisions of 35

---

1. There are 5 allowed claims, all to food or drink *products*. The title of the application, indicating that the invention is a process, appears to be inappropriate.

2. Section 102 had not been referred to by the examiner in his several rejections and ap-peared for the first time in his Answer, replying to appellants' appeal brief. At the same time he withdrew his rejection of claims 8, 9, and 12–14, leaving claim 11 as the only rejected claim.

U.S.C. § 102, by the product of the reference. The fact that there is no teaching in the French Patent that lactitol has a sweet taste or acts as an agent for adding solid volume, body, moisture absorbance, luster or increased viscosity is not controlling since the lactitol employed in the reference would *inherently* give these characteristics. In addition the product of the reference would appear to be "low caloric" as called for in the claim since lactitol *is* low in calories. Appellant has nowhere defined "low caloric" so that it would exclude the product produced by the reference. In any event it would be obvious under 35 U.S.C. § 103 to employ lactitol in a low caloric milk for children for its expected beneficial function. [Emphasis ours.]

The board did not discuss the § 102 rejection and said it was "constrained to agree with the Examiner's rejection insofar as it is based on 35 U.S.C. § 103," stating:

> The French patent, especially in Example 3, teaches generally preparing infants' formula by adding lactitol and lactose to pasteurized milk. We note that in the composition of Appellants' example 10, relied on by the Examiner, the 29% milk solids contained over 40% of lactose.

Example 3 of the French patent discloses "a food endowed with 'bifidal' activity." It is a formula for infants of 0–6 months. Its make-up is in the following proportions:

| | |
|---|---|
| pasteurized milk (3.8% fat) | 100 cc. |
| boiled water | 50 cc. |
| lactose | 8 g. |
| lactitol | 2 g. |

This mixture is stated to have a calorific value of 150 calories, and it is fed to infants in does supplying 120 cal./kg. of body weight a day.

Appellants' Example 10, apparently deemed most pertinent by the board, is a sweetened condensed milk said to be "a low-calory food with an extremely low caloric value, less than one sixth the values of conventional condensed milks." The stated make-up is:

| | | |
|---|---|---|
| water | | 26% |
| solid matters of whole milk | | 29% |
| (fat | 8%) | |
| (protein | 7%) | |
| (lactose | 12%) | |
| (ash | 1.5%) | |
| lactitol | | 45% |
| sodium cyclamate | | 0.2% |

Allowed claim 9 is directed to this product, recites the first three principal percentages, and refers to the lactitol "as a low caloric sweetening agent and a viscosity increasing agent."

## OPINION

The first question is what rejections are before us. The examiner in his Answer, but not sooner, rejected claim 11 on the theory it was "met," under § 102, by the product of the French patent. He had previously rejected claim 11 under § 103 as obvious in view of that reference. The board did not discuss the § 102 rejection and agreed with the rejection "insofar as it is based on 35 U.S.C. § 103." Before making that statement the board opinion said:

> The single issue before us is the propriety of the rejection of claim 11 under either 35 U.S.C. § 102 or 35 U.S.C. § 103 * * *.

It therefore was well aware of the § 102 rejection.

When appellants appealed, they stated in their Notice of Appeal, in connection with the second of their fifteen reasons for appeal:

> The Board of Appeals did not affirm the Examiner's rejection based on 35 U.S.C. § 102 and therefore this rejection is not before the United States Court of Customs and Patent Appeals.

Appellants' brief in this court, while stating in full all of the examiner's views, does not argue the § 102 rejection beyond the following statement:

* * * it is seen that there are differences between the prior art and the claim in issue (as further evidenced by the Board's silence concerning the 35 U.S.C. § 102 rejection).

■ On this state of facts, where the board was well aware of the § 102 rejection yet only sustained the examiner's rejection "insofar as it is based on 35 U.S.C. § 103,"[3] we find that the § 102 rejection was reversed by the board and is thus not before us. See 37 CFR 1.196(a). If we have misconstrued the board's action, the result is not changed. The PTO's brief, filed after appellants' brief and the reasons of appeal, does not take issue with appellants' assertion that the § 102 rejection is not before the court. When appellants' counsel repeated this assertion at oral argument, the associate solicitor, representing the Commissioner, did not object.[4] Thus, the PTO has abandoned § 102 as a basis for rejecting claim 11. See *In re Loehr*, 500 F.2d 1390 (CCPA 1974), and cases cited therein.

### Rejection under Section 103

■ Turning to the only rejection before us, which is for obviousness under § 103, we agree with appellants that there is nothing in the reference which would lead those of ordinary skill in the art to employ lactitol as appellants do in the products of claim 11. The reference does not teach lactitol as possessing any of the characteristics or functions on which appellants' claimed invention depends. The only function of lactitol which is set out in the reference is in a food for nursing infants, where it assists in the creation of a pure or nearly pure flora of bifid bacteria in the intestines, a result quite distinct from that achieved by appellants by using lactitol in a food or drink. Admittedly the reference does not disclose the sweetening properties of lactitol. We find nothing in the reference to suggest that lactitol has no caloric value when ingested as an ingredient of a food or drink. Nor is there any indication of lactitol's highly desirable attributes as a bodying agent, set forth above. Therefore, we find no basis for saying it would have been obvious to those of ordinary skill in the art to produce a sweetened and bodied food or drink of low caloric value[5] by using lactitol as the agent for both sweetening and bodying, which is what claim 11 calls for. Furthermore, it is unrealistic to characterize an infant's formula as "low caloric." No one desires to reduce or minimize the caloric value of an infant's food or drink. The whole purpose of appellants' invention is to provide sweetening of no caloric value at all, in place of sugar, for the benefit of diabetics, who cannot tolerate sugar, and stout persons who should not.

### The Board's Comments on Claim 9

Appellants request that this court "state its position with regard to claim 9." We decline to do so.

The first reason for the request is a gratuitous remark in the board's main opinion about an allowed claim. At the end of the opinion it added a footnote reading:

> We find it difficult to understand why claim 9, directed specifically to a milk product, has been allowed.

3. I. e., and not insofar as it is based on 35 U.S.C. § 102. 35 U.S.C. § 132 requires that the Commissioner state grounds of rejection with sufficient clarity that applicants will be able to decide what to do next. Appellants' contention that the § 102 rejection was specifically reversed, see 37 CFR 1.196(a), proposes a reasonable construction of the board's statement of what it did with the examiner's rejections, and we cannot hold the board's vague statement against appellants. "The first requirement of any judicial opinion is utter clarity." W. Harbaugh, *Lawyer's Lawyer—The Life of John W. Davis* 108 (1973).

4. To the contrary, the associate solicitor said, "When I say [that the claim] reads upon the reference [the French patent], I don't mean that this is necessarily a § 102 anticipation. But we're saying that his claim is so broad that it's obvious * * *."

5. We understand "a low caloric food or drink" to be one in which the conventional sweetening agent is substituted for by one of lower caloric value. This is particularly brought out in example 7 of appellant's application.

Appellants justifiably complained in a Request for Reconsideration, in which they also endeavored to educate the board on the reasons why claim 9 was allowable. In denying the request, the board exacerbated the matter by saying:

Lastly, with respect to our footnote about allowed claim 9, *that claim is not before the Board* and, perhaps unfortunately, we have no jurisdiction over it. [Emphasis ours.]

Since claim 9 was allowed by the examiner and was not the subject of the board's decision, we have no jurisdiction with respect to it. *In re Borg,* 392 F.2d 642, 55 CCPA 1021 (1968). We have no more authority to express views or to make comments on the patentability of claim 9 than the board had. Insinuations, even if made, as here, apparently without justification and admittedly without jurisdiction, are still not "decisions" within the meaning of 35 U.S.C. § 141. *In re Loehr,* supra. We must therefore deny appellants' request. Were we to say anything about claim 9 we would merely be compounding the board's error in exceeding its powers.

The decision of the board on claim 11 is *reversed.*

*Reversed.*

MILLER, J., concurs in the result.