845 F.2d 1033
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Richard SCHIFFERLY.
 No. 87-1545.
 United States Court of Appeals, Federal Circuit.
 Feb. 9, 1988.
 
 Before RICH, Circuit Judge, BALDWIN, Senior Circuit Judge and EDWARD S. SMITH, Circuit Judge.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 This appeal is from the decision of the U.S. Patent and Trademark Office Board of Patent Appeals and Interferences (board) affirming the examiner's rejection of claims 1-7, all the claims in application serial No. 247,281, filed October 15, 1981, and also entering a new rejection of claims 1-7 under 37 CFR 1.196(b). We affirm.
 
 OPINION
 
 2
 The examiner, in his final rejection of September 1, 1983, rejected claim 1 "under 35 U.S.C. 112, first paragraph" as not supported by the written description of the specification with respect to the claim limitation that the convex surface of the upper portion of the roller is defined by "two separate radii emanating from a common point." Appellant has never responded to or traversed this rejection which was affirmed by the board (see 37 CFR 1.196(a)) and that rejection must therefore be affirmed.
 
 
 3
 The board, acting under the authority conferred upon it by 37 CFR 1.196(b), repeated or reinstated a rejection prematurely made by the examiner, and rejected all claims (1-7) "as being unpatentable over claims 1 through 3 of appellant's prior U.S. Patent No. 4,403,640" by reason of double patenting, obviousness type. We do not examine the merits of that rejection because we need not. It stands uncontested by appellant on this appeal and therefore must be affirmed. Appellant's brief in this court simply ignores it. We note also the board's observation that on the appeal to the board "appellant did not choose to argue [the examiner's] rejection" for double patenting.
 
 
 4
 Because of these failures to contest outstanding rejections covering all claims in appellant's application, the Commissioner moves to dismiss the appeal or for summary affirmance. We choose the latter option. The motion is contained in the Commissioner's brief (p. 2) filed December 24, 1987. Appellant has made no response thereto and has filed no reply brief. As our predecessor, the Court of Customs and Patent Appeals, held in In re Loehr, 500 F.2d 1390, 1394, 183 USPQ 56, 59 (CCPA 1974), appellant's failure to brief and argue the merits of a new rejection by the board under Rule 1.196(b) is an abandonment thereof. Such an uncontested rejection must be affirmed. That disposes of this appeal. With one outstanding uncontested rejection, it would be pointless to consider the obviousness issue which is all that appellant's brief discusses.