422 F.2d 532
 DIAMOND SHAMROCK OIL AND GAS CORPORATION,
v.
COMMISSIONER OF REVENUES, STATE OF ARKANSAS,
Marvin Humphries, Robbie Louise Humphries, H. F. Techmeyer, Jewel Techmeyer, Appellants,
L. L. Blair, Heirs of L. L. Blair, Irene Sadler, Ocie B. Haraway, Inez Blaylock, Ardath Ferry, Clifford J. Blair, Larue Blair, Appellants,
W. O. Dunaway, Margaret Dunaway, Charles H. Earl, Wanda F. Earl, Sneed Brothers, a Partnership Consisting of Four Brothers (S. T. Sneed, Jr., M. H. Sneed, Hugh M. Sneed and William J. Sneed), Arkansas Mineral Corporation, Jeff Regan, Alice T. Regan, Appellees,
Frank Farris, Opal Farris, Carol Taylor Mohlman, Lena Farris, Eugenia Farris Rowe, Bertha A. Stubblefield, and Henry E. Spitzberg, Trustee, Appellee,
Thomas C. Mueller, Norma Mueller, J. A. Mull, Jr., C. R. Sullivan and W. F. Earl.
 No. 19754.
 United States Court of Appeals, Eighth Circuit.
 March 10, 1970.
 
 Sam Sexton, Jr., of Sexton & Wiggins, Fort Smith, Ark., for appellants; Eddie N. Christian, Fort Smith, Ark., on the brief.
 Charles W. Baker, of Moses, McClellan, Arnold, Owen & McDermott, Little Rock, Ark., for appellees; William L. Owen, Little Rock, Ark., on the brief.
 Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and HEANEY, Circuit Judges.
 VAN OOSTERHOUT, Chief Judge.
 
 
 1
 A notice of appeal was filed in the District Court on April 18, 1969, reading as follows:
 
 
 2
 "The Defendants, H. F. Techmeyer, Marvin Humphries, Robbie Louise Humphries, Jewel Techmeyer, Irene Sadler, Ocie B. Haraway, Inez Blaylock, Ardath Ferry, Clifford J. Blair and Larue Blair, give notice of appeal to the United States Court of Appeals for the Eighth Circuit from the decision of the Court made and entered in this cause on the 18th day of April 1969."
 
 
 3
 The appellants in their brief state, "This is an appeal from the Order and Opinion of the Honorable Paul X. Williams, District Judge for the Western District of Arkansas, entered on the 7th day of April, 1969." The opinion referred to is a letter opinion of Judge Williams dated April 7, 1969, addressed to counsel with copy to clerk, which appears in the printed record. Such letter reflects that Judge Williams reached the conclusion that the word "minerals" in deeds conveyed mineral rights including oil and gas. The letter goes on to say:
 
 
 4
 "The motion for summary judgment will be treated as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and such motion is sustained, and an order to that effect will be entered.
 
 
 5
 "The prevailing parties shall prepare and submit the judgment to be entered pursuant to this opinion and order of the court."
 
 
 6
 The notice of appeal refers to a judgment entered on April 18, 1969. The printed record shows no such judgment.[1]
 
 
 7
 We are convinced that the letter opinion does not constitute a final decision or judgment. By its terms as above quoted, the subsequent filing of a judgment is clearly contemplated.
 
 
 8
 Moreover, a final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. Catlin v. United States, 324 U.S. 229, 233, 65 S. Ct. 631, 89 L.Ed. 911; Transportation-Communication Division v. St. Louis-San Francisco Ry. Co., 8 Cir., 419 F.2d 933; Stewart v. Bishop, 8 Cir., 403 F.2d 674, 678; Gallon v. Lloyd-Thomas Co., 8 Cir., 261 F.2d 26.
 
 
 9
 Assuming for the purposes of this opinion without so deciding that the letter opinion could be considered a judgment, it is clear that the decision does not dispose of all of the issues raised by the litigation. The action is an interpleader action brought by the plaintiff pursuant to 28 U.S.C.A. § 1335 wherein the plaintiff asserts that it has substantial amounts of accumulated oil royalties which it owes and which it offered to deposit and did deposit for the benefit of numerous adverse claimants who might be found entitled thereto. In order to finally dispose of the litigation, it is necessary that a judgment be entered determining the claimants entitled to the money and the amount due each claimant. There is nothing in the record to show that such a determination has been made.
 
 
 10
 It is the duty of a court of appeals to satisfy itself as to its jurisdiction, whether or not the jurisdictional issue is raised by the parties. Stewart v. Bishop, supra. Jurisdiction cannot be conferred by consent. Courts of appeals have only such jurisdiction as is given them by Congress.
 
 
 11
 The final judgment rule is a dominant rule in federal appellate practice. DiBella v. United States, 369 U.S. 121, 126, 82 S.Ct. 654, 7 L.Ed.2d 614; Stewart v. Bishop, supra.
 
 
 12
 We find nothing whatsoever in the record which would indicate that the appeal here falls within any of the exceptions to the final judgment rule. There is no record that any foundation has been laid for an interlocutory appeal authorized by 28 U.S.C.A. § 1292(b) or that the provisions of Rule 54(b) have been invoked.
 
 
 13
 If in fact a final decision was entered prior to the filing of the notice of appeal or if a proper foundation was laid for an interlocutory appeal, any party may file proof thereof with the clerk of this court within two weeks from the filing of this opinion, whereupon the issue of jurisdiction to entertain the appeal will be given further consideration and if jurisdiction is established, the case will be tried upon its merits. If no such showing is made within such time, this appeal will stand dismissed for want of appellate jurisdiction.[2]
 
 
 
 Notes:
 
 
 [1]
 The Clerk of the District Court has advised us that no judgment was entered on April 18, 1969, or at any time during the interval between the date of the letter opinion and April 18, 1969
 
 
 [2]
 If a subsequent timely appeal in taken from a final judgment in this case, this court will entertain such appeal upon the records, and briefs prepared for this appeal insofar as applicable. See Gallon v. Lloyd-Thomas Co., 8 Cir., 261 F.2d 26, 28, and cases there cited