**COLUMBUS COATED FABRICS, a Division of Borden Chemical Company, and Borden, Inc. Plaintiff-Appellee,**

v.

**The INDUSTRIAL COMMISSION OF OHIO, Defendant-Appellant.**

No. 74–1035.

United States Court of Appeals, Sixth Circuit.

Argued April 10, 1974.

Decided May 29, 1974.

Charles E. Taylor, Columbus, Ohio, Sp. Counsel for defendant-appellant by appointment of William J. Brown, Atty. Gen., of Ohio; William J. Brown, Atty. Gen. of Ohio, Taylor, Hultin & Ludwig, Columbus, Ohio, on brief.

John C. Elam, Columbus, Ohio, for plaintiff-appellee; Vorys, Sater, Seymour & Pease, Columbus, Ohio, on brief; Russell P. Herrold, Jr., Lester S. Lash, David S. Cupps, W. Jonathan Airey, Columbus, Ohio, of counsel.

Before CELEBREZZE, McCREE and MILLER, Circuit Judges.

PER CURIAM.

Because of an outbreak of peripheral neuropathy (a nerve disease causing paralysis) the Industrial Commission of Ohio scheduled a hearing to be held on October 15, 1973 "for the purpose of taking evidence on the question of whether [Appellees'] plant should be closed as being not safe or as being injurious to the welfare of any employees or frequenters." Appellees sued to enjoin this hearing, on the ground that the enactment of the federal Occupational Safety and Health Act of 1970, 29 U.S. C.A. §§ 651–678 (1974 Supp.) had preempted the field of employee health and safety because Ohio had not submitted or received approval of a state plan.

After issuing a temporary restraining order to prevent the hearing, the District Court entered an "Opinion and Order" on October 19, 1973, in response to Appellees' motion for a preliminary injunction. The six-page document contained findings of fact and conclusions of law, with the essential holding that "Section 667(a) [of Chapter 29, U.S.C. A.] does preempt state law in this case." After discussing other matters bearing on the propriety of injunctive relief, the District Court stated, "WHEREUPON, the Court determines that the motion is meritorious and it is therefore GRANTED." Presumably, this determination was meant to function as a preliminary injunction against any state action in regard to health and safety at Appellees' Columbus facility.

The District Court failed to enter a separate order, which should

have been filed as a "separate document" and the form of which should have been promptly approved by the District Court, under Rule 58(2), Fed. R.Civ.P. This being the case, this Court is without jurisdiction to entertain the appeal, since no "order" has been filed under Rule 54(a) from which an appeal may be taken under 28 U.S.C. § 1292(a)(1). Richland Trust Co. v. Federal Insurance Co., 480 F.2d 1212 (6th Cir. 1973); Communications Workers of America v. United Telephone Co. of Ohio, 491 F.2d 207 (6th Cir. Feb. 7, 1964). *See* United States v. Indrelunas, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). The absence of an appealable order is a jurisdictional matter and must be raised by this Court notwithstanding the parties' failure to note the problem.

One reason for the superficially technical rule embodied in Rule 58 is apparent in this case. The enjoined party must be clearly told what it may and may not do, and this Court must be clear as to what the District Court required. Appellees' complaint requested broad injunctive relief against state intrusion into health and safety matters at its plant, and the District Court's "Opinion and Order" gives no indication as to whether the entire scope of relief requested was to be granted. Preemption, of course, is not a magic wand that deprives a state from taking any action in regard to a particular field. Even when found to exist, the question remains whether *particular* state actions are foreclosed because of supervening federal mandate. *See* United Automobile, Aircraft & Agricultural Implement Workers v. Wisconsin Employment Relations Board, 351 U.S. 266, 76 S.Ct. 794, 100 L.Ed. 1162 (1956); 29 U.S.C.A. § 677(a) (1974 Supp.). Thus, we would be indulging in dictum to address the general question whether OSHA had "preempted" state law. The jurisdictional bar to this appeal forecloses us from engaging in such general discussion. We must await a final order of the District Court, entered properly under Rule 58, before we may address the merits of this case.

We remand this case for entry of an order by the District Court. Upon the entry of a separate judgment by the District Court and the docketing of an appeal in this Court, we will hear and determine the appeal on the briefs and argument heretofore submitted by the parties, although the parties may elect to file supplemental memoranda or to re-argue the case after the District Court order is entered.

Appeal dismissed, with no costs to be taxed.