**In re James Willard CARLTON and Helen Vera Carlton, Debtors.**

**James Willard CARLTON and Helen Vera Carlton, Plaintiffs-Appellees,**

v.

**INTERNAL REVENUE SERVICE, Defendant-Appellant.**

**Bankruptcy No. 81–0414 HB.
Civ. No. 80–00294J.
Adv. No. 80–0223.**

United States District Court, D. New Mexico.

Oct. 14, 1981.

Anthony C. Porter, Wycliffe V. Butler, P. A., Albuquerque, N. M., for debtors/plaintiffs-appellees.

R. E. Thompson, U. S. Atty., Wayne G. Chew, Asst. U. S. Atty., Albuquerque, N. M., for IRS, defendant-appellant.

## MEMORANDUM OPINION

BRATTON, Chief Judge.

This matter comes before the Court upon the motion of Appellees to dismiss the appeal taken by the United States from the decision of the Bankruptcy Court on the ground that Appellant failed to file Notice of Appeal in a timely manner. The United States contends that Notice of Appeal was timely filed because judgment was never set forth in a separate document as required by the Bankruptcy Rules.

United States Bankruptcy Rule 921(a) provides in part that "a judgment in an adversary proceeding or contested matter shall be set forth on a separate document." Rule 921(a) is derived from Federal Rule of Civil Procedure 58 which also requires that "every judgment shall be set forth on a separate document." This particular provision of Rule 58 was added by amendment in 1963 in order to "eliminate uncertainty as to whether and when a judgment has been rendered and entered." 11 Wright & Miller, Federal Practice and Procedure 8.

Judge Johnson of the Bankruptcy Court on February 24, 1981 issued a document entitled "Findings of Fact, Conclusions of Law and Decision." This document detailed the reasoning of the court, citing statutes and authorities in support of its decision. At the end of this four page explication the following two sentences appeared:

> "Hence, the Court rules that those portions of the subject liens which secure payment of these penalties are avoided under § 724(a).
>
> IT IS SO ORDERED."

On the 12th of March the United States made a motion requesting the Court to enter a judgment so that an appeal could be made therefrom. Judge Johnson, however, took the position that the February 24 document was the "separate document" contemplated by Rule 921(a) and entered an order that no further judgment was necessary. ▮ If, as Judge Johnson ruled and the Appellees contend, the February 24 document was a "separate document" within the meaning of Rule 921, then the Notice of Appeal filed by the United States on March 23d was untimely and this appeal would have to be dismissed. If the document did not satisfy the requirements of Rule 921 the appeal must still be dismissed, but Appellant would yet have an opportunity to appeal once the Bankruptcy Court enters a separate judgment. After a review of the record and authorities the Court concludes that the latter course is the proper one.

The rationale behind the adoption of the "separate document" provision of Rule 58 was set forth by the Judicial Conference: "The amended rule eliminates these uncertainties [as to whether and when a judgment has been rendered and entered] by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum—which provides the basis for the entry of judgment." Judicial Conference of the United States, Report of Proposed Amendments to Certain Rules of Civil Procedure for the United States District Courts, 31 F.R.D. 621, 650 (1962); Advisory Committee Comment on the 1963 amendment of Rule 58 of the Federal Rules of Civil Procedure; Advisory Committee's Note on Rules of Bankruptcy Procedure 921. The Supreme Court has viewed this amendment as "a mechanical change that must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." *United States v. Indrelunas*, 411 U.S. 216, 222, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973).

It appears from this brief review of the history of Rule 58, from which Rule 921 of the Bankruptcy Rules derived, that it was confusion of exactly the type which has occurred here that the "separate document" requirement was intended to obviate. While entitled "Findings of Fact, Conclusions of Law and Decision" the February 24 document is no more or less than a memorandum opinion setting forth Judge Johnson's reasoning combined with his decision. The Advisory Committee notes to Rules 58 and 921 make clear that the separate document required must be distinct from any "opinion or memorandum."

The courts which have addressed the separate document requirement have uniformly rejected requests to weaken the efficacy of Rule 58 by moderating it. They have consistently followed the Supreme Court's mandate that Rule 58 be mechanically applied. Thus, where the trial court's order included opinions, findings and conclusions the appellate court in *Taylor v. Sterrett*, 527 F.2d 856 (5th Cir. 1976) found the separate document requirement had not been met. Nor was a document styled "Judgment and Order" which set forth findings and reasonings considered a "separate document" in *Cloyd v. Richardson*, 510 F.2d 485 (6th Cir. 1975). A six page document containing findings of fact and conclusions of law and entitled "Opinion and Order" which contained the dispositive words "Whereupon, the Court determines that the motion is meritorious and it is therefore GRANTED," was not deemed a separate document in *Columbus Coated Fabrics v. Industrial Commission of Ohio*, 498 F.2d 408 (6th Cir. 1974).

Although a mechanical application of Rule 58 requires judges to enter judgments in one document and opinions in another, where the court writes no opinion or memorandum, an order may itself constitute a separate document. *United States v. Clearfield State Bank*, 497 F.2d 356 (10th Cir. 1974). It is only when "it is uncertain whether a final judgment has been entered, as when a trial judge writes an opinion or memorandum providing only the basis for the entry of judgment, but containing apparently directive or dispositive words such as 'Defendant's motion for summary judgment is granted'" that judgment must be set out on a document separate from the opinion or memorandum. Id.

A one sentence explanation in an order does not transform it into an opinion or memorandum, especially if the parties have understood it to be an order. *Hamilton v. Nakai*, 453 F.2d 152 (9th Cir. 1971). Nor will a citation in an order activate the separate document requirement. *Weinberger v. United States*, 559 F.2d 401, 402 (5th Cir. 1977). It is, however, noteworthy that the court in *Weinberger* remarked that "it would be better had the citation been omitted, and doubtless a very little more would have rendered the order vulnerable to [Rule 58] attack."

There is no question but that the "Findings of Fact, Conclusions of Law and Judgment" in this case contains the "very little more" which renders it a judgment vulnerable to attack because it is not "set forth on a separate document." Jurisdiction of this Court may be invoked only from final judgments, orders or decrees of the Bankruptcy Court. Rules of Bankruptcy Procedure 801; The Bankruptcy Act, Pub.L. 95–598, Title IV, § 405(c), 92 Stat. 2686 (1978); The Bankruptcy Act, Pub.L. 95–598, Title II § 238(a), 92 Stat. 2668 (1978). Until the separate document setting forth the judgment as required by Rule 921 has been entered, there is no final judgment and the Court lacks jurisdiction to entertain this appeal.

Upon the entry of a separate judgment by the Bankruptcy Court and the docketing of an appeal in this Court, the appeal will be determined on the briefs heretofore submitted by the parties, although the parties may elect to file supplemental memoranda. Accordingly, an Order will be entered dismissing this appeal.