702 F.2d 1015
 The ALEUT TRIBE, Appellant,
v.
The UNITED STATES, Appellee.
 Appeal No. 369.
 United States Court of Appeals,
Federal Circuit.
 March 17, 1983.
 
 Stephen M. Truitt, Washington, D.C., argued for appellant.
 David C. Shilton, Washington, D.C., argued for the United States.
 Before BENNETT, SMITH and NIES, Circuit Judges.
 BENNETT, Circuit Judge.
 
 
 1
 This is an appeal from a judgment of the United States Claims Court.* The proceeding below involved two claims. In Count I, the Aleut Tribe contended that the United States had breached the Treaty of Cession, March 30, 1867, United States-Russia, 15 Stat. 539. In Count II, the Aleut Tribe contended that the United States had breached its duty to deal fairly and honorably with the Tribe. The trial judge granted the government's motion to dismiss in Count I (the breach-of-treaty claim), but denied the government's motion to dismiss in Count II (the fair-and-honorable-dealings claim). The Aleut Tribe appealed, requesting that we review the trial judge's decision as to both counts.[1] Although the Aleut Tribe's request for review might have been within the jurisdiction of the former United States Court of Claims, we hold that it is not, at the present time, within the appellate jurisdiction of this court, the United States Court of Appeals for the Federal Circuit. Thus, for the reasons that follow, we dismiss the Aleut Tribe's appeal for lack of appellate jurisdiction.
 
 
 2
 I. History of Docket No. 369.
 
 
 3
 This case began in 1951 when the Aleut Tribe (Tribe) filed a petition with the Indian Claims Commission. The Tribe alleged (1) that it had been deprived of land, hunting and fishing grounds, and other rights, (2) that the United States had breached the Treaty of Cession, March 30, 1867, United States-Russia, 15 Stat. 539, and (3) that the United States had breached its duty to deal fairly and honorably with the Tribe.
 
 
 4
 Since 1951, the Indian Claims Commission and the former United States Court of Claims have considered various procedural and substantive issues involving the Aleut Tribe's claims in Docket No. 369. For purposes of this appeal, however, it is only necessary to consider the history of Docket No. 369 since 1980.
 
 
 5
 In 1980, the government filed a motion in the Court of Claims (to which the case was transferred) to dismiss the claims in Docket No. 369 for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. At that time, the claims remaining in Docket No. 369 were (1) the breach-of-treaty claim, and (2) the fair-and-honorable-dealings claim. By an order of December 12, 1980, the Court of Claims remanded the government's motion to the trial judge for a recommended decision under Rule 54(a) of the Court of Claims,[2] which permitted the court to refer dispositive motions to the trial division for a recommended decision. (Under Court of Claims Rule 52(a), motions to dismiss were considered dispositive motions.)
 
 
 6
 On September 9, 1982, the trial judge issued his recommended decision pursuant to Rule 54(a). He recommended that the government's motion to dismiss the Tribe's breach-of-treaty claim be granted, but that the government's motion to dismiss the Tribe's fair-and-honorable-dealings claim be denied.
 
 
 7
 On October 1, 1982, before the Court of Claims could review the trial judge's recommended decision, the Court of Claims and the Court of Customs and Patent Appeals were abolished by the Federal Courts Improvement Act of 1982, Pub.L. No. 97-164, Sec. 402, 96 Stat. 25, 57. In their place, Congress created the United States Court of Appeals for the Federal Circuit (which inherited substantially all of the appellate jurisdiction of the two abolished courts), and the United States Claims Court (a new Article I trial forum that inherited the trial jurisdiction of the Court of Claims). See S.Rep. No. 275, 97th Cong., 2d Sess. 2-3 (1981), U.S.Code Cong. & Admin.News 1982, p. 11.
 
 
 8
 All cases that were pending before the Court of Claims on October 1, 1982, in which a report on the merits had been filed by the trial division, or in which there was pending a request for review, and upon which the court had not acted, were transferred to the new United States Court of Appeals for the Federal Circuit. See Federal Courts Improvement Act of 1982, Sec. 403(a), 96 Stat. 57-58.
 
 
 9
 On October 4, 1982, this court (the United States Court of Appeals for the Federal Circuit) directed the judges of the United States Claims Court to enter judgments corresponding to the recommended decisions that were transferred to this court under the Federal Courts Improvement Act. As a result, on October 8, 1982, Judge Willi entered a judgment in accordance with his opinion of September 9, 1982.[3] The same day, the Aleut Tribe filed a request for review of the trial judge's decision under Rule 54(b)(3)[4] of the former United States Court of Claims. This request for review would, in the past, have been sufficient under the statutes and rules governing the jurisdiction of the Court of Claims. But, as stated earlier, this appeal is not before the Court of Claims; it is before the United States Court of Appeals for the Federal Circuit. It is thus necessary to determine whether the Tribe's appeal is within the jurisdiction of this court. It is our duty to raise this issue even though the parties have not made jurisdiction an issue in this case. See, e.g., Montgomery Ward & Co. v. Zenith Radio Corp., 673 F.2d 1254, 1258 n. 7 (CCPA 1982); Columbus Coated Fabrics v. Industrial Commission, 498 F.2d 408 (6th Cir.1974); Public Employees Union Local No. 1279 v. Alabama, 453 F.2d 922 (5th Cir.1972); Diamond Shamrock Oil & Gas Corp. v. Commissioner of Revenues, Arkansas, 422 F.2d 532 (8th Cir.1970).
 
 
 10
 II. Jurisdiction To Review Decisions of the United States Claims Court.
 
 
 11
 As stated earlier, section 403(a) of the Federal Courts Improvement Act provides for the transfer of certain pending cases from the Court of Claims to the Court of Appeals for the Federal Circuit. Apparently, both parties are under the impression that this provision is a jurisdictional basis for appeal. The purpose of section 403(a), however, was merely to provide for the orderly disposition of cases pending before the Court of Claims on October 1, 1982, by transferring the trial division's recommended decisions upon which the court had not acted from the docket of the Court of Claims to our docket. See S.Rep. No. 275, supra, at 32. We do not believe that this provision was also intended necessarily to transfer jurisdiction. Our jurisdiction over decisions of the Claims Court is limited by sections 124, 125, and 127(a) of the Federal Courts Improvement Act of 1982, 96 Stat. 36-38 (amending 28 U.S.C. Sec. 1291 (1976), with remainder to be codified at 28 U.S.C. Secs. 1292(c), 1292(d)(2), 1295(a)(3)). These sections permit us to review final decisions and certain interlocutory decisions of the Claims Court. We do not believe that Congress intended the transfer provisions of section 403 to broaden the jurisdictional grants even for the limited purpose of reviewing recommended decisions of the Court of Claims' trial division that were pending on October 1, 1982. Thus, any case transferred to our court by section 403(a) of the Federal Courts Improvement Act is subject to the jurisdictional limitations contained in that Act.
 
 
 12
 One of the purposes of our order of October 4, 1982, which directed the judges of the Claims Court to enter judgments in accordance with their recommended decisions that were transferred to this court, was to put parties on notice that their appeals would be from a decision of the United States Claims Court, and would not be appeals from a recommended decision of the trial division of the Court of Claims. Therefore, any jurisdictional defects in these appeals had to be corrected before the appeal could properly be within the appellate jurisdiction of this court.
 
 
 13
 It might also be added that even if we accept the proposition that section 403(a)'s transfer provision is jurisdictional, there is still the question whether section 403(a) is applicable in this case. For example, section 403(d) of the Federal Courts Improvement Act of 1982, 96 Stat. 58, provides that:
 
 
 14
 Any matter pending before a commissioner of the United States Court of Claims on the effective date of this Act, or any pending dispositive motion that the United States Court of Claims has not determined on that date, shall be determined by the United States Claims Court.
 
 
 15
 The government's motion to dismiss was considered a dispositive one under former Court of Claims Rule 52(a). Although the trial judge had made a recommended decision, the dispositive motion was still pending before the Court of Claims on October 1, 1982. Thus, section 403(d) seems to indicate that Docket No. 369 should have been transferred to the United States Claims Court. Under this approach, it seems clear that any appeal from the Claims Court's determination would have been governed by the jurisdictional and procedural rules of the Court of Appeals for the Federal Circuit. There would have been no automatic grant of jurisdiction as is apparently argued for cases transferred under section 403(a). But in a situation where, as here, the trial judge has already made a determination on the dispositive motion, no useful purpose would now seem to be served by transferring the case to the Claims Court.
 
 
 16
 In any event, whether this case should have been transferred to the Court of Appeals for the Federal Circuit under section 403(a), or to the Claims Court under section 403(d) is unimportant, as section 403(a)'s transfer provision is not dispositive of the jurisdictional question. Under either view, a decision of the Claims Court may only be reviewed if it is within the jurisdiction of the Court of Appeals for the Federal Circuit. Consequently, the Tribe's appeal must be scrutinized to determine whether it is within our appellate jurisdiction. We will begin by examining the appeal in Count II (the fair-and-honorable-dealings claim), as the characterization of that appeal affects the appeal in Count I (the breach-of-treaty claim).
 
 
 17
 III. The Fair-and-Honorable-Dealings Claim (Count II).
 
 
 18
 The Aleut Tribe has appealed from the trial judge's denial of the government's motion to dismiss its fair-and-honorable-dealings claim. Although the trial judge ruled in its favor, the Tribe appealed because it believed that certain comments of the trial judge were "based on an incorrect legal view ...." On appeal, the Tribe requests that we provide "a roadmap of the governing legal principles as applied to the fair and honorable dealings claim ...."
 
 
 19
 Because the Tribe is appealing from a denial of a motion to dismiss, its appeal is interlocutory and is not an appeal from a final decision. See Catlin v. United States, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945); Wagner Shokai, Inc. v. Waco, 699 F.2d 1390 (Fed.Cir.1983) (order dismissing appeal); C. Wright, Law of Federal Courts Sec. 101, at 505 (3d ed. 1976). The fact that the trial judge, on October 8, 1982, entered a judgment pursuant to Claims Court Rule 58[5] does not change the interlocutory nature of the Tribe's appeal. Rule 58 only states how a judgment is entered. "It does not speak to whether a judgment ... is a 'final judgment' for purposes of an appeal." 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2785, at 17 (1973). Therefore, the Tribe's appeal in Count II is interlocutory notwithstanding the entry of judgment under Rule 58.
 
 
 20
 Our jurisdiction over interlocutory decisions is limited by section 125(b) of the Federal Courts Improvement Act of 1982, 96 Stat. 36-37 (to be codified at 28 U.S.C. Sec. 1292(c), (d)). Section 1292 of title 28 contains four categories of interlocutory orders that are appealable as a matter of right.[6] A quick glance at these categories is enough to glean that they are inapplicable to the Tribe's appeal. Therefore, if we are to have jurisdiction, the Tribe's appeal must come within that portion of section 125(b) of the 1982 Act that governs permissive interlocutory appeals. Section 125(b) amends 28 U.S.C. Sec. 1292 to add subsection (d)(2) providing:
 
 
 21
 [w]hen any judge of the United States Claims Court, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.[7] (Emphasis added.)
 
 
 22
 In this case, however, the trial judge has simply issued an order. The other statutory criteria for certifying an interlocutory appeal from the Claims Court have not been satisfied. It is necessary that the trial judge certify the order because he is the person most familiar with the litigation. See 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure Sec. 3929, at 138 (1977). Because he has not done so, the Tribe's interlocutory appeal must be dismissed for lack of appellate jurisdiction.[8] See id. at 138 & n. 18 (1977 & Supp.1981).IV. The Breach-of-Treaty Claim (Count I).
 
 
 23
 In their multiple claims action, the Tribe also contended that the United States breached the Treaty of Cession, March 30, 1867, United States-Russia, 15 Stat. 539, because it did not protect the land of the Aleuts. This claim is dependent for its validity on a finding that the Tribe had fee simple title to the Aleutian Islands. Because the trial judge found that the Tribe did not have the requisite fee simple title,[9] he granted the government's motion to dismiss.
 
 
 24
 If the Tribe's breach-of-treaty claim had been the only claim in the action, then the trial judge's decision would have been a "final decision" within the meaning of 28 U.S.C. Sec. 1291 (1976), amended by the Federal Courts Improvement Act of 1982, 96 Stat. 25. We would then have had exclusive jurisdiction over the appeal. See Federal Courts Improvement Act of 1982, Sec. 127(a), 96 Stat. 38 (to be codified at 28 U.S.C. Sec. 1295(a)(3)). But this is a multiple claims action. An appeal from an order that disposes of only some claims of an action may not be made without waiting for a decision on the remainder of the case, unless the requirements of Rule 54(b) of the Federal Rules of Civil Procedure are met.[10] Rule 54(b) provides that:
 
 
 25
 Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 
 
 26
 Thus, Rule 54(b) requires two steps before an appeal can be perfected. The trial judge must make (1) "an express determination that there is no just reason for delay," and (2) an "express direction for the entry of judgment." The "combination of the direction and determination can be referred to as a 'certification' that a particular judgment is ripe for review." 10 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2660, at 82 (1973).
 
 
 27
 In this case, the trial judge did make an express direction for the entry of judgment. He did not, however, make an "express determination that there is no just reason for delay." It is necessary that the trial judge make this determination if we are to have jurisdiction. Id. Sec. 2660. The trial judge is a "dispatcher" who decides whether to release his decision for appellate consideration by making an express determination that there is no just reason for delay. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956); 10 C. Wright & A. Miller, supra Sec. 2659, at 75. The trial judge is permitted "to determine, in the first instance, the appropriate time when each 'final decision' upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal." Sears, Roebuck & Co., 351 U.S. at 435, 76 S.Ct. at 899 (emphasis in original).
 
 
 28
 Because the prerequisites for a Rule 54(d) certification have not been met, the Tribe's appeal from the trial judge's decision in Count I is dismissed with leave to seek another appeal should proper certification subsequently be granted by the Claims Court. If the requisite certification is obtained, the parties may, of course, proceed upon the same briefs, record, and arguments presented in this dismissed appeal, and these may be supplemented if necessary by papers describing any further proceedings in the Claims Court. See 10 C. Wright & A. Miller, supra Sec. 2660, at 89 & n. 87 (1973 & Supp.1981). We express no opinion as to whether a Rule 54(b) certification should be made, as this is a matter that is within the discretion of the trial judge.
 
 
 29
 V. Conclusion.
 
 
 30
 In conclusion, we emphasize that effective October 1, 1982, the United States Court of Claims and the United States Court of Customs and Patent Appeals were terminated by the Federal Courts Improvement Act. In their place, Congress created the United States Court of Appeals for the Federal Circuit and the United States Claims Court. Appeals from the Claims Court (the former trial division of the Court of Claims) are no longer governed by the jurisdictional and procedural rules of the Court of Claims. Instead, our jurisdiction to review decisions of the Claims Court is now limited by sections 124, 125(b), and 127(a) of the Federal Courts Improvement Act of 1982. We believe that these jurisdictional limitations apply to any appeal before this court, including those transferred to our court by the Federal Courts Improvement Act. Furthermore, the rules of practice and procedure before the Claims Court are now patterned upon the Federal Rules of Civil Procedure, see Cl.Ct.R. 1(b), and the procedural rules for appeals to the Court of Appeals for the Federal Circuit are now governed by the Federal Rules of Appellate Procedure (with certain modifications and additions by authorized local rules).
 
 
 31
 We are aware that the Federal Courts Improvement Act has caused some confusion, and we have therefore been lenient in applying the procedural rules governing appeals to this court. We may not, however, ignore the jurisdictional limitations contained in the Act. See Wiltse v. Clarkson, 542 F.2d 363 (6th Cir.1976). In this case, the Tribe has not obtained a Rule 54(b) certification for Count I, or a "1292(d)(2)" certification for Count II. Its appeal therefore is not within our appellate jurisdiction, and must be dismissed.
 
 
 32
 DISMISSED.
 
 
 33
 NIES, Circuit Judge, concurring.
 
 
 34
 I join in the dismissal of the appeal of Count I for the reasons stated in the majority opinion. With respect to Count II, the order denying the Government's motion to dismiss is in favor of the Tribe. Regardless of the reasons stated for that decision, the Tribe is not aggrieved by the order and, therefore, may not appeal under any theory. Chouinard v. Chouinard, 568 F.2d 430 (5th Cir.1978); 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice p 203.06 (2d ed. 1982). See also AT & T v. USITC, 626 F.2d 841 (Cust. & Pat.App.1980); Krupp International, Inc. v. USITC, 626 F.2d 843 (Cust. & Pat.App.1980); In re Loehr, 500 F.2d 1390, 183 USPQ 56 (Cust. & Pat.App.1974); In re Willis, 455 F.2d 1060, 172 USPQ 667 (Cust. & Pat.App.1972); In re Reese, 359 F.2d 462, 149 USPQ 362 (Cust. & Pat.App.1966).
 
 
 
 *
 Pursuant to an order of this court dated October 4, 1982, Judge Willi, on October 8, 1982, entered a judgment in accordance with his opinion of September 9, 1982. As noted below, appellant filed, on the same date as entry of judgment in the Claims Court, a motion requesting review of a recommended decision, pursuant to Rule 54(b)(3) of the former United States Court of Claims
 
 
 [1]
 Although the trial judge denied the government's motion to dismiss in Count II, the Tribe requested that we review this decision because it believed that some of the trial judge's comments were based on an incorrect legal view
 
 
 [2]
 Former United States Court of Claims Rule 54(a) provided that:
 "Reference to Trial Judge: In any case the court may by order refer an appeal or dispositive motion to the trial division for an opinion and recommendation for the conclusion of law by a trial judge."
 
 
 [3]
 This judgment was entered pursuant to Claims Court Rule 58
 
 
 [4]
 Former Rule 54(b)(3) of the Court of Claims provided in relevant part that:
 "Review by the Court: (i) If any party is dissatisfied with the recommendation of the trial judge, he shall file with the clerk, within 30 days after service of notice of the filing of the trial judge's recommendation, a request for review of such recommendation and a brief specifying with particularity the matters which he wishes the court to consider in the review and discussing the issues involved. Any adverse party may file an answering brief within 30 days; and within 20 days after the filing of the answering brief, a reply brief may be filed."
 
 
 [5]
 Claims Court Rule 58 has been adopted, with modifications, from Rule 58 of the Federal Rules of Civil Procedure
 
 
 [6]
 The four categories include (1) interlocutory orders granting continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court; (2) interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof; (3) interlocutory decrees determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed; and (4) interlocutory appeals from a judgment in a civil action for patent infringement that is final except for accounting. 28 U.S.C. Sec. 1292 (1976), amended by the Federal Courts Improvement Act of 1982, Pub.L. No. 97-164, Sec. 125(b), 96 Stat. 25, 36
 Of course, the interlocutory appeal must be from a case over which the court would normally have jurisdiction. See id.
 
 
 [7]
 The procedure for perfecting a permissive interlocutory appeal under 28 U.S.C. Sec. 1292(d)(2) is governed by Federal Rule of Appellate Procedure 5(a)-(c), and Rule 10(b) of the Court of Appeals for the Federal Circuit. See Fed.Cir.R. 10(b). In general, appeals to this court are governed by the Rules of Appellate Procedure, with local modifications and additions as are dictated by the nature of the court's jurisdiction
 
 
 [8]
 Because the Tribe's appeal is dismissed for lack of jurisdiction, it is unnecessary to decide the circumstances, if any, in which a prevailing party may bring a permissive interlocutory appeal
 
 
 [9]
 To support his finding, the trial judge relied on a decision of the former United States Court of Claims involving this Docket (No. 369) and Docket No. 352 (a companion case involving the Pribilof Islands). In that decision, the Court of Claims held that "as a matter of law, the title, if any of the Aleutian natives to St. Paul's Island, or other islands involved in this proceeding, was no more than aboriginal in nature and did not have the attributes of fee simple title, at the time of the Treaty of Cession." Aleut Community of St. Paul Island v. United States, 480 F.2d 831, 837 (Ct.Cl.1973)
 The Tribe contends that this decision is only applicable to the fee title claims in Docket No. 352, or, in the alternative, that the decision is wrong. Because of our disposition of this case, we do not address the Tribe's contentions.
 
 
 [10]
 The Federal Rules of Civil Procedure that are applicable to civil actions tried by a court without a jury and in effect on October 1, 1982, have been incorporated into the rules of the United States Claims Court to the extent that they appropriately can be applied to proceedings in the Claims Court. See Cl.Ct.R. 1(b), 54(b); Fed.R.Civ.P. 54(b)