878 F.2d 1443
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DYNATRON/BONDO CORPORATION, Plaintiff-Appellant,
v.
The CLAUSEN COMPANY, Defendant-Appellee.
 No. 89-1243.
 United States Court of Appeals, Federal Circuit.
 March 8, 1989.
 
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Dynatron/Bondo Corporation (D/B) moves "to determine whether appeal can be maintained at this time" and to suspend the briefing schedule. The Clausen Company (Clausen) moves for a 10-day extension of time to file its response. D/B opposes the motion for an extension. In Clausen's response, it opposes D/B's motion and moves for sanctions against D/B on the ground that its motions are frivolous.
 
 
 2
 This matter stems from a suit by D/B against Clausen in the district court for patent infringement (count 1) and breach of a settlement agreement (count 2). Clausen has asserted various defenses and has counterclaimed for unfair competition. The district court transferred the settlement agreement count to a bankruptcy court stating:[1]
 
 
 3
 The court will retain jurisdiction over the action as a whole and will not refer the claims of Count 1 to the Bankruptcy Court, at least at this time.
 
 
 4
 The bankruptcy court subsequently entered summary judgment for Clausen on count 2. D/B appealed that ruling and another ruling to the district court. On November 30, 1988, the district court affirmed the bankruptcy court's ruling on count 2. D/B appealed from that order on January 4, 1989. On January 25, the district court denied Clausen's motion for summary judgment on count 1.
 
 
 5
 Here, D/B states that it filed a protective notice of appeal from the district court's order affirming the bankruptcy court on count 2 and asks this court to determine whether it is a final, appealable order. In response, Clausen asserts that D/B is improperly seeking an advisory opinion.
 
 
 6
 It is axiomatic that an appellate court has a right, indeed, a duty, to determine its jurisdiction and to satisfy itself that an appeal is properly before it. Woodard v. Sage Products, Inc., 818 F.2d 841, 844 (Fed.Cir.1987). Accordingly, we sua sponte, consider the issue of jurisdiction here.[2]
 
 
 7
 Although this case has some unusual procedural aspects, it is clear that the district court's order relating to a single count of a two-count complaint is not a final, appealable order. See Aleut Tribe v. United States, 702 F.2d 1015, 1020 (Fed.Cir.1983) (an appeal from an order disposing of only some of the claims will not lie). Accordingly, the appeal will be dismissed for lack of jurisdiction.
 
 
 8
 With regard to Clausen's motion for sanctions and the petty bickering evident in both parties' papers submitted here, the court offers a note of caution for the future. Counsel are expected to conduct themselves professionally before this court and using the motions' practice as a means to harass each other will not be tolerated.
 
 
 9
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 10
 (1) The court, sua sponte, dismisses D/B's appeal for lack of jurisdiction.
 
 
 11
 (2) Clausen's motion for an extension of time to respond is granted.
 
 
 12
 (3) Clausen's motion for sanctions is denied.
 
 
 
 [1]
 Prior to the filing of the suit, Clausen had filed for bankruptcy
 
 
 [2]
 While we are considering the jurisdictional question here, we are not putting our stamp of approval on the practice of an appellant filing a "protective" notice of appeal and then requesting a determination of jurisdiction by the court. It is the duty of counsel in this first instance to determine whether an appeal should be filed or not