**NEOMAGIC CORPORATION,**
**Plaintiff–Appellant,**

v.

**TRIDENT MICROSYSTEMS, INC.,**
**Defendant–Appellee.**

**No. 01–1235.**

United States Court of Appeals,
Federal Circuit.

DECIDED: July 31, 2001.

Before RADER and BRYSON, Circuit Judges, FRIEDMAN, Senior Circuit Judge.

## ON MOTION

RADER, Circuit Judge.

### ORDER

Trident Microsystems, Inc. moves to dismiss NeoMagic Corporation's appeal for lack of jurisdiction. NeoMagic opposes. Trident replies.

NeoMagic filed an action against Trident in the United States District Court for the District of Delaware for patent infringement. Trident counterclaimed for antitrust violations. On February 1, 2001, the district court granted Trident's motion for summary judgment of noninfringment and invalidity. Trident's antitrust counterclaim, which was stayed pending resolution of the patent claims, remains pending. On February 28, 2001, NeoMagic filed a notice of appeal from the district court's February 1, 2001 summary judgment order. On March 22, 2001, NeoMagic moved for entry of a final judgment pursuant to Fed. R.Civ.P. 54(b). To date, the district court has not ruled on NeoMagic's request for Rule 54(b) certification.

Trident moves to dismiss NeoMagic's appeal for lack of jurisdiction. Trident argues that the district court's summary judgment order is nonfinal and not appealable because its antitrust counterclaim remains pending in the trial court. NeoMagic opposes dismissal, arguing that the district court's order granting summary judgment is subject to immediate appeal pursuant to 28 U.S.C. § 1292(c)(1) because it, "as a practical matter, denies NeoMagic's request for an injunction." NeoMagic argues that "dismissing the appeal and

remanding to litigate the antirust counter-claim may have serious and irreparable consequences" because it will be unable to recoup its expenses in litigating the anti-trust claim if it is later successful in its patent appeal. NeoMagic additionally asserts that awaiting Rule 54(b) certification from the district court would be "grossly inefficient and impede[ ] 'the just, speedy, and inexpensive determination' of this case."

We conclude that the appeal is premature and dismiss for lack of jurisdiction. The district court did not certify its judgment under Fed.R.Civ.P. 54(b) and Trident's antitrust counterclaim remains pending in the district court. We disagree with NeoMagic that that the district court's order is subject to immediate review under 28 U.S.C. § 1292(c)(1) or that dismissal for lack of jurisdiction would result in irreparable injury. *See Woodard v. Sage,* 818 F.2d 841 (Fed.Cir.1987) (en banc). Because the February 1, 2001 order granting summary judgment of noninfringement and invalidity is not final and appealable, the appeal must be dismissed. *See Aleut Tribe v. United States,* 702 F.2d 1015, 1020 (Fed.Cir.1983) ("An appeal from an order that disposes of only some claims of an action may not be made without waiting for a decision on the remainder of the case, unless the requirements of Rule 54(b) of the Federal Rules of Civil Procedure are met.").

Accordingly,

IT IS ORDERED THAT:

(1) Trident's motion to dismiss is granted.

(2) Each side shall bear its own costs.