Janet GRAHAM (doing business as Royal Riders), Plaintiff–Appellee,

v.

Beverly Joy GUN–MUNRO, Defendant–Appellant

No. 01–1444.

United States Court of Appeals, Federal Circuit.

Oct. 1, 2001.

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

ON MOTION

LOURIE, Circuit Judge.

ORDER

Janet Graham moves to dismiss Beverly Joy Gun–Munro's appeal for lack of jurisdiction. Gun–Munro opposes.

Graham filed a complaint for a declaratory judgment of patent invalidity, unenforceability, and noninfringement against patent owner Gun–Munro in the United States District Court for the Northern District of California. Gun–Munro counterclaimed asserting ten causes of action: (1) patent infringement; (2) false patent marking; (3) intentional misrepresentation; (4) unfair competition; (5) intentional interference with economic advantage; (6) negligent interference with economic advantage; (7) intentional interference with contractual relations; (8) unfair competition; (9) false advertising; and (10) accounting. In an order entered on May 24, 2001, the district court granted Graham's motion for summary judgment of invalidity. The district court held that in light of its ruling on the ground of obviousness, it did not need to consider whether the patent was invalid on other grounds, or whether it was unenforceable due to Gun–Munro's allegedly inequitable conduct. Judgment entered on May 24, 2001 provided: "The Court having granted the plaintiff's motion for summary judgment of invalidity for obviousness by order dated May 22, 2001, it is hereby ordered that judgment be entered in favor of the plaintiff and against the defendant." On June 21, 2001, Gun–Munro filed a notice of appeal.

Graham moves to dismiss Gun–Munro's appeal for lack of jurisdiction. Graham argues that the district court's summary judgment order is nonfinal and not appealable because Gun–Munro's counterclaims remain pending in the trial court and because the district court did not certify the matter for appeal in the manner prescribed by Fed.R.Civ.P. 54(b). Gun–Munro opposes dismissal, arguing that, "[t]he language of the judgment appears to be a final judgment on the case. Further, the [district court] intended to finalize the case which is evident by its having closed out the case on its computers[.]"

We conclude that the appeal is premature and dismiss for lack of jurisdiction. The district court did not certify its judgment under Rule 54(b) and Gun–Munro's counterclaims remain pending in the district court. We disagree with Gun–Munro's assertion that the district court's language in its judgment renders the mandates of Rule 54(b) inapplicable. Gun–Munro's reliance on *Paganis v. Blonstein*, 3 F.3d 1067 (7th Cir.1993), is misplaced because, in that case, there were no remaining claims or counterclaims to be adjudicated when the court issued its "judgment by dismissal," disposing of all of the plaintiffs' claims. In the instant matter, because the May 24, 2001 order granting summary judgment of invalidity left all of Gun–Munro's counterclaims unadjudicated, the district court's decision is not final and appealable. Accordingly, the appeal must be dismissed. *See Aleut Tribe v. United States*, 702 F.2d 1015, 1020 (Fed.Cir. 1983) ("An appeal from an order that disposes of only some claims of an action may *not* be made without waiting for a decision on the remainder of the case, unless the requirements of Rule 54(b) of the Federal Rules of Civil Procedure are met.") (emphasis in original).

Accordingly,

IT IS ORDERED THAT:

(1) Graham's motion to dismiss is granted.

(2) Each side shall bear its own costs.