*495 ON MOTION
LOURIE, Circuit Judge.

ORDER

The United States moves to dismiss Michael P. Paalan’s appeal because he has appealed from a nonfinal order. Paalan opposes.
Paalan filed a complaint in the United States Court of Federal Claims alleging four claims for military back pay and other compensation pursuant to different theories based on various statutory, regulatory and constitutional provisions, and a claim for compensation for alleged takings under the Fifth Amendment. The United States moved to dismiss and Paalan moved for summary judgment and discovery. On March 4, 2002, the trial court granted the United States’ motion to dismiss in part and denied it in part, denied Paalan’s motion for summary judgment, and granted Paalan’s motion for discovery in part. The trial court concluded, in part:
Because [the United States’] motion to dismiss is granted only in part, [Paal-an’s] claims survive as follows: (1) whether plaintiff received military pay pursuant to 37 U.S.C. § 204(a)(1) and DODPM § 10317(d) between October 11, 1995, and November 28, 1995; and (2) whether the Government’s continued retention of plaintiffs personal property, with the exception of his gun and ammunition, constitutes a compensable taking under the Fifth Amendment.
On April 22, 2002, Paalan filed a notice of appeal.
The United States argues that the Court of Federal Claim’s order is nonfinal and not appealable because some of Paalan’s back pay and takings claims remain pending before the Court of Federal Claims. We agree. Because the March 4, 2002 order disposed of only some of Paalan’s claims, leaving other matters unadjudicated, the trial court’s decision is not final and appealable. Accordingly, the appeal must be dismissed. Cf. Aleut Tribe v. United States, 702 F.2d 1015, 1020 (Fed.Cir.1983) (“An appeal from an order that disposes of only some claims of an action may not be made without waiting for a decision on the remainder of the case, unless the requirements of Rule 54(b) of the Federal Rules of Civil Procedure are met.”) (emphasis in original).
Accordingly,
IT IS ORDERED THAT:
(1) The United States’ motion to dismiss is granted.*
(2) Each side shall bear its own costs.

 The court notes that Paalan's appeal could also be dismissed in light of his failure to pay the filing fee. See 28 U.S.C. § 1915.