NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEORA TUCKER,**

*Plaintiff-Petitioner*

**v.**

**TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., IC SYSTEM, INC.,**

*Defendants-Respondents*

---

2022-152

---

On Petition for Permission to Appeal pursuant to 28 U.S.C. Section 1292(b) from the United States District Court for the Eastern District of Pennsylvania in No. 2:21-cv-01215-WB, Judge Wendy Beetlestone.

---

**ON PETITION**

---

PER CURIAM.

## O R D E R

On June 2, 2022, Leora Tucker filed this "Petition for Permission to Appeal and Review" from orders of the United States District Court for the Eastern District of Pennsylvania. In response to this court's June 23, 2022, show cause order, Experian Information Solutions, Inc., IC

System, Inc.,* and Brent F. Vullings, Esq. (collectively, "Respondents") urge dismissal.  Ms. Tucker's response argues that this court has jurisdiction.

We agree with Respondents that this court lacks jurisdiction over this case.  This court has jurisdiction only over certain types of district court cases, including those arising under the patent laws, *see* 28 U.S.C. § 1295(a)(1); or under § 1295(a)(4)(C); or certain cases against the United States for claims "not exceeding $10,000 in amount," 28 U.S.C. § 1346(a)(2), *see* 28 U.S.C. § 1295(a)(2).  Ms. Tucker's case, which concerns claims of defamation and violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, does not fall within our jurisdiction.

Inasmuch as Ms. Tucker's petition can be read as requesting transfer to the United States Court of Federal Claims, Pet. at 4, that request also cannot establish our jurisdiction here.  While this court has jurisdiction over an appeal from an interlocutory order of a district court granting or denying a motion to transfer to the Court of Federal Claims, 28 U.S.C. § 1292(d)(4)(A), the district court has not issued any such order.  Moreover, even if Ms. Tucker had moved for such a transfer, the case could not be heard in the Court of Federal Claims because she does not assert claims against the United States.

This court, if lacking jurisdiction, may, if it is in the interest of justice, transfer to a court that would have jurisdiction.  28 U.S.C. § 1631.  Here, however, transfer to the United States Court of Appeals for the Third Circuit would be futile.  Section 1292(b) of title 28 of the U.S. Code authorizes a court of appeals to permit an appeal of an interlocutory order only after the district court has certified

---

*    IC System, Inc.'s response was filed one day late. The court construes the filing as a request to file a response out of time and grants the request.

that the appeal presents a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Here, no such certification was issued; therefore, no appeal can be brought under section 1292(b). *See Aleut Tribe v. United States*, 702 F.2d 1015, 1019 (Fed. Cir. 1983) (citation omitted).

The only conceivable basis for the Third Circuit's jurisdiction would be that Ms. Tucker identified in her petition certain orders denying *in forma pauperis* ("IFP") status, which are generally immediately appealable. *See Roberts v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 339 U.S. 844, 845 (1950). However, the Third Circuit has now resolved all of those issues on duplicative appeals filed by Ms. Tucker. *See Tucker v. Trans Union LLC*, No. 22-1180 (3d Cir. Mar. 2, 2022) (granting leave to proceed IFP ) and *Tucker v. Trans Union LLC*, No. 22-1180 (3d Cir. Aug. 8, 2022) (denying rehearing of the decision to dismiss the appeal for lack of jurisdiction); *see also Tucker v. Trans Union LLC*, No. 22-1876 (3d Cir. July 13, 2022) (taking no action on the motion for leave to proceed IFP because "the fees have been paid in this matter") and *Tucker v. Trans Union LLC*, No. 22-1876 (3d Cir. Aug. 10, 2022) (dismissing the appeal for lack of jurisdiction).

Accordingly,

IT IS ORDERED THAT:

(1)  IC System's response (ECF No. 23) is accepted for filing.

(2)  The petition is dismissed.

(3)  All pending motions are denied as moot.

4                                    TUCKER v. TRANS UNION LLC

(4)  Each side shall bear its own costs.

FOR THE COURT

September 14, 2022                    /s/ Peter R. Marksteiner
        Date                         Peter R. Marksteiner
                                     Clerk of Court