# United States Court of Appeals for the Federal Circuit

06-1196

RYSTE & RICAS, INC.,

Appellant,

v.

Francis J. Harvey, SECRETARY OF THE ARMY,

Appellee.

<u>James S. DelSordo</u>, Cohen Mohr, LLP, of Washington, DC, argued for appellant.

<u>Michael S. Dufault</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for appellee. With him on the brief were <u>Peter D. Keisler</u>, Assistant Attorney General; <u>David M. Cohen</u>, Director; and <u>Bryant G. Snee</u>, Assistant Director.

Appealed from: United States Armed Services Board of Contract Appeals

Administrative Judge Alexander Younger

# United States Court of Appeals for the Federal Circuit

06-1196

RYSTE & RICAS, INC.,

Appellant,

v.

Francis J. Harvey, SECRETARY OF THE ARMY,

Appellee.

---

DECIDED: February 16, 2007

---

Before NEWMAN, SCHALL, and BRYSON, <u>Circuit Judges</u>.

SCHALL, <u>Circuit Judge</u>.

Ryste & Ricas, Inc. ("RRI") appeals the final decision of the Armed Services Board of Contract Appeals ("Board") in <u>Ryste & Ricas, Inc.</u>, 06-1 B.C.A. (CCH) ¶ 33,124 (A.S.B.C.A. Nov. 14, 2005). In its decision, the Board granted summary judgment in favor of the Department of the Army ("Army"), ruling that RRI's termination settlement proposal was not timely filed under 48 C.F.R. § 52.259-2(e). <u>Ryste & Ricas, Inc.</u>, 06-1 B.C.A. (CCH) ¶ 33,124. We affirm.

BACKGROUND

I.

On September 29, 1997, the Army awarded RRI a contract for the repair and renovation of a building located at Fort Belvoir, Virginia. The Contract Disputes Act ("CDA"), 41 U.S.C. § 602(a), governed the contract.[1]

Effective August 14, 1998, the Army terminated RRI's contract for default. RRI timely appealed the default termination to the Board. On May 29, 2002, the Board issued a decision converting the termination for default to a termination for the convenience of the government. Ryste & Ricas, Inc., 02-2 B.C.A. (CCH) ¶ 31,883 (A.S.B.C.A. May 29, 2002). Counsel for RRI received the Board's decision on June 8, 2002.

When a contract is terminated for the convenience of the government, the contractor may submit a termination settlement proposal within one year from the effective date of termination. Federal Acquisition Regulation ("FAR") § 52.249-2(e), 48 C.F.R. § 52.249-2(e). A settlement proposal is "a proposal for effecting settlement of a contract terminated in whole or in part, submitted by a contractor or subcontractor in the form, and supported by the data, required by this part." FAR § 49.001, 48 C.F.R. § 49.001. RRI asserted that, following the Board's decision, it submitted a termination settlement proposal to the contracting officer on July 23, 2003. The Army, however, maintained that it did not receive the proposal. Having received no response from the Army regarding its termination settlement proposal, RRI resubmitted the proposal on

---

[1]    The CDA applies to contracts for (1) the procurement of property, other than real property in being; (2) the procurement of services; (3) the procurement of construction, alteration, repair or maintenance of real property; and (4) the disposal of personal property. 41 U.S.C. § 602(a).

October 23, 2003.  RRI never received a response from the Army concerning the proposal.  It therefore appealed the contracting officer's deemed denial to the Board under 41 U.S.C. § 605(c)(5).[2]

## II.

On August 13, 2004, the Army moved for summary judgment before the Board.  In its motion, the Army contended that RRI's termination settlement proposal was untimely filed under FAR § 52.249-2(e).[3]  The Army argued that RRI's termination settlement proposal, regardless of whether it was submitted on July 23, 2003, or October 23, 2003, was time-barred because RRI had failed to submit the proposal within one year of when its previous counsel received the Board's decision on June 8, 2002.

In opposing the Army's motion, RRI contended that summary judgment should be denied because the date when RRI submitted its termination settlement proposal was disputed.  In addition, RRI argued that that the "effective date of termination" under FAR § 49.001 (now FAR § 2.101)[4] was September 29, 2002, the date following the expiration of the period for seeking an appeal, rather than June 8, 2002, the date RRI's previous counsel received the Board's decision.  RRI relied on Melkonyan v. Sullivan, 501 U.S. 89 (1991), and Melka Marine, Inc. v. United States, 29 Fed. Appx. 594 (Fed. Cir. 2002) (unpublished decision), two cases decided under the Equal Access to Justice

---

[2]   41 U.S.C. § 605(c)(5) provides, in relevant part:

Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this Act.

Act ("EAJA"), as well as <u>House v. United States</u>, 12 Cl. Ct. 454 (1987), a case decided under the Uniform Relocation Act ("URA"), to argue that the effective date of termination was the date when the period for appealing the Board's decision converting the termination for default to a termination for the convenience of the government expired.

On November 14, 2005, the Board issued its final decision, granting the Army's motion for summary judgment. <u>Ryste & Ricas, Inc.</u>, 06-1 B.C.A. (CCH) ¶ 33,124, at 164,148. The Board determined that the effective date of termination under FAR § 49.001 (now FAR § 2.101) was June 8, 2003, when RRI's previous counsel received the Board's decision converting the termination for default to a termination for the convenience of the government. <u>Id.</u> at 164,147. The Board, in rejecting RRI's argument that the effective date of termination was when the appeal period expired, stated that "[w]e see no reason to engraft the requirements of [the EAJA and URA] onto the straightforward procedure for submission of termination for convenience settlement proposals," adding that "it would be odd to import a tolling provision from EAJA or the [URA] when the court of appeals has already recognized that the time limits for

---

(Cont'd. . . .)

[3] The pertinent language of FAR § 52.249-2(e), 48 C.F.R. § 52.249-2(e), is as follows:

> After termination, the Contractor shall submit a final termination settlement proposal to the Contracting Officer in the form and with the certification prescribed by the Contracting Officer. The Contractor shall submit the proposal promptly, but no later than 1 year from the effective date of termination, unless extended in writing by the Contracting Officer upon written request of the Contractor within this 1-year period.

[4] FAR § 2.101 states that the "effective date of termination means the date on which the notice of termination requires the contractor to stop performance under the contract. If the contractor receives the termination notice after the date fixed for termination, then the effective date of termination means the date the contractor receives the notice." FAR § 2.201, 48 C.F.R. § 2.101.

submission of termination settlement proposals are '[a]part from the requirements of the CDA.'" Id. (citing England v. Swanson Group, Inc., 353 F.3d 1375, 1377 (Fed. Cir. 2004)). Additionally, the Board noted that it did not have to resolve whether the proposal was submitted on July 23, 2003, or on October 23, 2003, because the undisputed material facts were that RRI "neither submitted its proposal by June 9, 2003 [(one year from the effective date of termination)], nor requested an extension by that date." Id. at 164,648. Accordingly, the Board dismissed RRI's appeal as untimely. Id.

RRI timely appealed the Board's decision to this court on January 25, 2006. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(10).

DISCUSSION

I.

Under the CDA, we review legal conclusions of the ASBCA without deference. 41 U.S.C. § 609(b); England v. Contel Advanced Sys., Inc., 384 F.3d 1372, 1377 (Fed. Cir. 2004). We must accept the ASBCA's findings of fact unless they are: (1) fraudulent; (2) arbitrary or capricious; (3) so grossly erroneous as to necessarily imply bad faith; or (4) not supported by substantial evidence. 41 U.S.C. § 609(b); Contel Advanced Sys., Inc., 384 F.3d at 1377.

The ASBCA's grant of summary judgment is a legal conclusion, which we review without deference. Rex Sys., Inc. v. Cohen, 224 F.3d 1367, 1371 (Fed. Cir. 2000). Summary judgment is appropriate when the record, when examined in a light most favorable to the non-movant, indicates that "there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Flexfab L.L.C. v. United States, 424 F.3d 1254, 1259 (Fed. Cir. 2005); Mingus Constructors, Inc. v. United

<u>States</u>, 812 F.2d 1387, 1390 (Fed. Cir. 1987). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

According to RRI, the Board erred in determining that the termination settlement proposal was not timely filed under FAR § 52.249-2(e) because the Board's May 29, 2002 decision was not an enforceable final judgment until the running of the 120-day appeal period set forth at 41 U.S.C. § 607(g)(1)(A)[5] had expired on September 29, 2002. RRI again relies on <u>Melkonyan</u>, <u>Melka Marine, Inc.</u>, and <u>Houser</u>, to argue that a lower tribunal's decision is not final and effective until the applicable appeal period has expired. RRI also contends that when RRI submitted its termination settlement proposal to the contracting officer is a disputed material fact, which should have precluded the Board's grant of summary judgment in favor of the Army.

In response to RRI's arguments, the Army argues that the Board properly determined that the effective date of termination under FAR § 2.101 was the date when RRI's previous counsel received the Board's termination notice, June 8, 2002, because RRI received the termination notice (in this case, the decision of the Board in its favor) after the date fixed for termination, August 14, 1998. The Army notes that this court, in

---

[5]     41 U.S.C. 607(g)(1) states that:

(A) a contractor may appeal such a decision to the United States Court of Appeals for the Federal Circuit within one hundred twenty days after the date of receipt of a copy of such decision, or
(B) the agency head, if he determines that an appeal should be taken, and with the prior approval of the Attorney General, transmits the decision of the board of contract appeals to the Court of Appeals for the Federal Circuit for judicial review under section 1295 of Title 28, within one hundred and twenty days from the date of the agency's receipt of a copy of the board's decision.

<u>Swanson Group</u>, 353 F.3d at 1377, explained that "FAR § 2.101 defines the 'effective date of termination' as 'the date the contractor receives the notice [of termination]' if the notice is received after the date fixed for termination." The Army contends that because RRI's termination settlement proposal was not filed within one year of the effective date of termination on June 8, 2002, the precise date on which RRI submitted its termination settlement proposal (either July 23, 2003 or October 23, 2003) is not a material fact.

II.

We hold that the Board did not err in granting summary judgment in favor of the Army. We find RRI's argument that the one-year time period for submitting the termination settlement proposal did not begin to run until the 120-day appeal period had expired unpersuasive. The clear language of FAR § 52.249-2(e) required RRI to file the termination settlement proposal within one year of the effective date of termination, expressly defined in FAR § 2.101 as the date that RRI received the notice of termination. Here, RRI received the Board's decision converting the default termination to a termination for convenience on June 8, 2002, but RRI failed to submit its termination settlement proposal within one year of this June 8, 2002 effective date.

Our previous decision in <u>Swanson Group</u>, 353 F.3d 1375, supports our conclusion that the effective date of termination was when RRI received the Board's decision. In <u>Swanson Group</u>, the government appealed the Board's decision awarding termination settlement costs to The Swanson Group ("Swanson"). 353 F.3d at 1376. Swanson's contract with the Department of the Navy ("Navy") was terminated for default, and Swanson appealed the default termination to the Board. <u>Id.</u> at 1377. The Board issued a decision converting the termination for default to a termination for

convenience; Swanson received this decision on November 17, 1997.  Id.  In our decision, we explained that:

> [T]he contractor may appeal from any termination settlement determination by the contracting officer provided it (1) submits a termination settlement proposal within one year of the "effective date of termination" or (2) requests an extension of time for doing so.  FAR § 52.249-2(e), (j), 48 C.F.R. § 52.259-2(e), (j).  FAR § 2.101 defines the "[e]ffective date of termination" as "the date the contractor received the notice [of termination]" if the notice is received after the date fixed for termination.  48 C.F.R. § 2.101.

Id. (alterations in original).

Instead of submitting a termination settlement proposal within the required one-year period, Swanson's counsel, prior to the expiration of the period on November 17, 1998, sent a letter to the Navy requesting a one-year extension of time to "initiate the claim."  Id.  The Navy denied Swanson's request for an extension of time, and then awarded Swanson termination settlement costs in a unilateral settlement determination, which Swanson appealed to the Board.  Id. at 1378.   We held that the Board lacked jurisdiction to entertain Swanson's appeal from the contracting officer's settlement determination because, although Swanson submitted a letter requesting an extension of time to file a claim within the required one-year period, it failed to present to the contracting officer a "claim" within the meaning of the CDA prior to the contracting officer's settlement determination.  Id. at 1378-79.  We thus vacated the Board's final decision awarding Swanson termination settlement costs and remanded the case to the Board with instructions to dismiss Swanson's appeal.  Id. at 1380-81.[6]  When viewed in

---

[6]     We noted, in Swanson Group, that the Board's lack of jurisdiction over the appeal did not bar Swanson from pursuing its claim by submitting a termination settlement proposal after our decision.  Id. at 1380.  We explained that the contracting officer then could reject this proposal as untimely or consider it on its merits.  Id.  If the

context, the relevant portion of <u>Swanson Group</u> that is quoted above—explaining the meaning of effective date of termination and standing for the proposition that when the Board converts a termination for default to a termination for convenience, the effective date of termination is the date the Board's decision is received—is not dicta because our statement regarding the definition of the effective date of termination was a predicate of our decision. Because the Navy denied Swanson's request for an extension of time that was timely submitted within one year of the effective date, Swanson did not have the opportunity to submit a termination settlement proposal that could have ripened into a claim under the CDA. It was this failure to submit a claim that was the basis for our holding that the Board lacked jurisdiction over Swanson's appeal.

Finally, we reject RRI's argument that the existence of a genuine issue of material fact precluded the grant of summary judgment in favor of the Army. Although the Army concedes that when RRI submitted its termination settlement proposal is subject to dispute, the disputed date (July 23, 2003, according to RRI, or October 23, 2003, according to the Army) does not present a genuine issue of <u>material</u> fact. The reason is that neither date is within one year of the effective date of termination of June 8, 2002.

In sum, in view of the plain language of the applicable regulations, <u>see</u> FAR § 52.249-2(e) and FAR § 2.101, and our decision in <u>Swanson Group</u>, RRI was required to submit its termination settlement proposal within one year of the effective date of termination. The effective date of termination was June 8, 2002, when RRI's previous

---

(Cont'd. . . .)
contracting officer were to reject the proposal as untimely or deny the proposal on its merits, Swanson would have the option of appealing the contracting officer's decision as a denial of a claim under the CDA. <u>Id.</u>

counsel received the Board's May 29, 2002 decision converting the termination for default to a termination for the convenience of the government. Because RRI failed to submit its proposal before June 9, 2003, we hold that the Board did not err in granting summary judgment in favor of the Army.

## CONCLUSION

For the foregoing reasons, the decision of the Board granting summary judgment in favor of the Army is affirmed.

## AFFIRMED