ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
)
Black Bear Construction Company ) ASBCA No. 61181
)
Under Contract No. W91B4L-12-C-0185 )

APPEARANCE FOR THE APPELLANT: Mr. Samir
    Corporate Officer

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
    Army Chief Trial Attorney
    MAJ Elinor J. Kim, JA
    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE OSTERHOUT
## ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

This is an appeal of a contracting officer's denial of a claim by Black Bear Construction Company (Black Bear or appellant), alleging that it is owed $462,160.00 for settlement costs due to a termination for convenience of runway improvement construction Contract No. W91B4L-12-C-0185 (the contract) through the Kandahar Regional Contracting Office, Kandahar Air Field, Afghanistan (the government). In its complaint, Black Bear states that it incurred costs after receiving a notice to proceed and before the government terminated for convenience. The government filed a motion for summary judgment requesting that we deny the appeal because Black Bear waited more than one year to file its settlement proposal as required by the contract. We agree with the government and deny the appeal.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 18 May 2012, the government awarded the contract to Black Bear for runway improvement at the forward operating base Spin Boldak in Kandahar Province, Afghanistan, for $553,150.00 (R4, tab 1).

2. The contract incorporated Federal Acquisition Regulation (FAR) clause 52.249-2, TERMINATION FOR CONVENIENCE OF THE GOVERNMENT (FIXED-PRICE) (APR 2012) – ALTERNATE I, by reference. Specific to this appeal, the clause included language about termination settlement proposals:

> (e) After termination, the Contractor shall submit a
> final termination settlement proposal to the Contracting

Officer in the form and with the certification prescribed by the Contracting Officer. The Contractor shall submit the proposal promptly, but not later than 1 year from the effective date of termination, unless extended in writing by the Contracting Officer upon written request of the Contractor within this 1-year period. However, if the Contracting Officer determines that the facts justify it, a termination settlement proposal may be received and acted on after 1 year or any extension. If the Contractor fails to submit the proposal within the time allowed, the Contracting Officer may determine, on the basis of information available, the amount, if any, due the Contractor because of the termination and shall pay the amount determined.

....

(j) The Contractor shall have the right of appeal, under the Disputes clause, from any determination made by the Contracting Officer under paragraph (e), (g), or (l) of this clause, except that if the Contractor failed to submit the termination settlement proposal or request for equitable adjustment within the time provided in paragraph (e) or (l), respectively, and failed to request a time extension, there is no right of appeal.[1]

3. On 28 June 2012, the government issued the notice to proceed and reminded Black Bear that the period of performance was 90 days, starting on 8 July 2012 (R4, tab 2).

4. On 13 July 2012, the government issued a suspension of work notice (R4, tab 3).

5. On 16 July 2012, the government sent Black Bear a letter terminating the contract for convenience. The government asked that Black Bear submit its termination settlement proposal and documentation within 30 days of the notice. (R4, tab 4)

6. On 12 August 2012, the government executed Modification No. P00001, terminating the contract for convenience (R4, tab 6).

---

[1] Paragraph (g) references a situation where the government and contractor do not agree on the settlement price. Paragraph (l) references partial terminations. Neither of these paragraphs apply to this appeal.

7. On 25 March 2017, Black Bear submitted its claim letter to the contracting officer. Black Bear requested $462,160.00. (R4, tabs 8, 9; gov't mot. ¶ 12; app. resp. ¶ 7) There is no evidence in the record that Black Bear requested a time extension prior to submitting its claim.

8. On 22 May 2017, the contracting officer issued a final decision, denying the claim. The contracting officer denied the claim because the parties apparently agreed to a no-cost termination, Modification No. P00001 contained a release of claims, and Black Bear did not provide a settlement proposal within 30 days of the termination notice. [2] (R4, tab 14)

9. On 25 May 2017, Black Bear timely appealed the decision to the Board, which was docketed as ASBCA No. 61181.

<u>DECISION</u>

As an initial matter, "we must satisfy ourselves that we have jurisdiction to entertain the appeal." *Ryste & Ricas, Inc.*, ASBCA No. 54514, 06-1 BCA ¶ 33,124 at 164,146, *aff'd, Ryste & Ricas, Inc. v. Harvey*, 477 F.3d 1337 (Fed. Cir. 2007). In *Ryste & Ricas*, appellant certified its proposal as a claim. Black Bear did the same in this case. As a result, we conclude that we have jurisdiction.

The Court of Appeals for the Federal Circuit has determined that the Board has jurisdiction over termination settlement appeals where the contractor has failed to submit a settlement proposal within one year but has filed a certified claim with the contracting officer. *See Ryste & Ricas*, 477 F.3d 1337. In *Ryste & Ricas*, the Federal Circuit affirmed the Board's decision to grant summary judgment because appellant failed to submit a termination settlement proposal within one year of the effective date but submitted it later. *Ryste & Ricas*, 477 F.3d at 1341. The Federal Circuit explained why this did not conflict with a prior case, *England v. The Swanson Group, Inc.*, 353 F.3d 1375 (Fed. Cir. 2004), that it remanded and directed the Board to dismiss for lack of jurisdiction.

In *Swanson*, the contractor failed to submit anything more than a request for an extension and never filed a claim or a settlement proposal. *Swanson*, 353 F.3d at 1380. The Court explained that "[t]he fact that the Board lacked jurisdiction over Swanson's previous appeal does not, however, bar Swanson from submitting a

_____

[2] The contracting officer incorrectly determined that because Black Bear had not submitted its termination settlement proposal within 30 days, it could not recover (R4, tab 14). However, the decision remains the same when the appropriate time period of one year is applied. It is unnecessary for the Board to consider the other reasons the contracting officer denied the claim.

3

termination settlement proposal to the contracting officer at this time. If Swanson submits such a proposal now, the contracting officer will be in a position either to reject it on the ground that it is untimely or to consider it on the merits." *Id.* If the contracting officer ruled the newly submitted proposal was untimely or if the contracting officer denied it, even partially, then Swanson would "have the option of appealing that decision as a denial of a claim under the CDA." *Id.*

In *Ryste & Ricas*, the Federal Circuit explained that the decision did not conflict with *Swanson* because "[w]e held that the Board lacked jurisdiction to entertain Swanson's appeal from the contracting officer's settlement determination because, although Swanson submitted a letter requesting an extension of time to file a claim within the required one-year period, it failed to present to the contracting officer a 'claim' within the meaning of the CDA prior to the contracting officer's settlement determination." *Ryste & Ricas*, 477 F.3d at 1341-42. In contrast to *Swanson*, *Ryste & Ricas* submitted a termination settlement proposal, but submitted it after the required one-year period. *Ryste & Ricas*, 477 F.3d at 1339. The Federal Circuit explained that it was Swanson's "failure to submit a claim that was the basis for our holding that the Board lacked jurisdiction over Swanson's appeal." *Id.* at 1342. In the case at hand, the facts are similar to *Ryste & Ricas*—Black Bear submitted a certified claim but did not do so within the required one-year period. Therefore we have jurisdiction.

It is well settled that summary judgment is appropriate where the moving party establishes that there are no disputed material facts, and the moving party is entitled to judgment as a matter of law. *Riley & Ephriam Constr. Co. v. United States*, 408 F.3d 1369, 1371-72 (Fed. Cir. 2005); *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987). When considering summary judgment motions, "the evidence of the non-moving party is to be believed, and all justifiable inferences are to be drawn in his favor." *Tri-County Contractors, Inc.*, ASBCA No. 58167, 13 BCA ¶ 35,310 at 173,346 (citing FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)). The parties do not genuinely dispute any of the material facts set forth in our SOF.

The parties do not dispute that the government notified Black Bear of the termination in July 2012 and that the effective date of the termination was 12 August 2012 (compl. ¶ 6; gov't mot. ¶ 6). The parties also do not dispute that Black Bear did not file its termination settlement claim until 25 March 2017 (compl. ¶ 7; gov't mot. ¶ 12). Further, the parties do not dispute that the contract was issued and do not dispute the terms and conditions of the contract (compl. ¶ 2; gov't mot. ¶ 1). As a result, the inclusion of FAR 52.249-2, Alt I, is not contested. Thus, Black Bear was required to submit its termination settlement proposal within one year of the effective date of the termination, which would have occurred by 12 August 2013. However, Black Bear waited until 25 March 2017, over three additional years, before submitting its claim without asking for an extension in which to file its proposal or claim. (*See* SOF ¶¶ 2, 7)

4

Appellant was allowed "1 year from the effective date of termination, unless extended in writing by the Contracting Officer upon written request of the Contractor within this 1-year period" to file its claim pursuant to FAR 52.249-2(e), Termination for Convenience of the Government, Alt I. Further, FAR 52.249-2(j) states "that if the Contractor failed to submit the termination settlement proposal or request for equitable adjustment within the time provided in paragraph (e) or (l), respectively, and failed to request a time extension, there is no right of appeal" (*see* SOF ¶ 2). Black Bear does not contest that the claim was not filed until 25 March 2017. Black Bear also does not claim that it submitted any requests for extension. Black Bear does not provide any rationale for why its claim was late and simply states that the government is liable for the costs it incurred. (Compl.; app. resp.) Thus, because Black Bear's termination settlement claim was late, we must deny the appeal.

## CONCLUSION

The government's motion for summary judgment is granted. The appeal is denied.

Dated: 14 November 2017

HEIDI L. OSTERHOUT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61181, Appeal of Black Bear Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals