## ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| American Boys Construction Company | )    ASBCA No. 61163 |
| | ) |
| Under Contract No. W91B4N-13-C-8028 | ) |

APPEARANCE FOR THE APPELLANT:      Mr. Shams, Esq.
                                                Counsel

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
                                                Army Chief Trial Attorney
                                              MAJ Christopher M. Coy, JA
                                                Trial Attorney

### OPINION BY ADMINISTRATIVE JUDGE OSTERHOUT
### ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

This is an appeal of a contracting officer's denial of a claim by American Boys Construction Company (American Boys or appellant), alleging that it is owed $107,280.00 for settlement costs due to a termination for convenience of construction Contract No. W91B4N-13-C-8028 (the contract) to construct a prime power overhead cover issued by the Regional Contracting Center East, Bagram Airfield, Afghanistan (the government). The government filed a motion for summary judgment requesting that we deny the appeal because American Boys waited more than one year to file its settlement proposal as required by the contract. We agree.

### STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 24 January 2013, the government awarded Contract No. W91B4N-13-C-8028 to American Boys Construction Company in the amount of $117,687.30 (R4, tab 1).

2. The contract incorporated Federal Acquisition Regulation (FAR) clause 52.249-2, TERMINATION FOR CONVENIENCE OF THE GOVERNMENT (FIXED-PRICE) (APR 2012)–ALTERNATE I, by reference. Specific to this appeal, the clause included language about termination settlement proposals:

> (e) After termination, the Contractor shall submit a final termination settlement proposal to the Contracting Officer in the form and with the certification prescribed by the Contracting Officer. The Contractor shall submit the proposal promptly, but no later than 1 year from the

effective date of termination, unless extended in writing by the Contracting Officer upon written request of the Contractor within this 1-year period. However, if the Contracting Officer determines that the facts justify it, a termination settlement proposal may be received and acted on after 1 year or any extension. If the Contractor fails to submit the proposal within the time allowed, the Contracting Officer may determine, on the basis of information available, the amount, if any, due the Contractor because of the termination and shall pay the amount determined.

....

(j) The Contractor shall have the right of appeal, under the Disputes clause, from any determination made by the Contracting Officer under paragraph (e), (g), or (l) of this clause, except that if the Contractor failed to submit the termination settlement proposal or request for equitable adjustment within the time provided in paragraph (e) or (l), respectively, and failed to request a time extension, there is no right of appeal.

3. On 13 April 2013, the contracting officer (CO) sent American Boys a Notice of Termination for Convenience. It included a stop work order and notification to submit a settlement proposal within one year from the effective date of the termination. (R4, tab 6)

4. On 13 April 2013, American Boys sent a signed acknowledgement of the notice of termination. It was signed by someone who listed the name and title as "Nadeem, CEO President of A.B.C.C." (R4, tab 8)

5. On 28 July 2013, the government issued Modification No. P00001 to deobligate all but $500.00 from the contract. That amount was left on the contract because American Boys had not yet been reimbursed for its DBA insurance it had purchased. American Boys signed the modification on 8 September 2013. It was again signed by someone with the name and title, "Nadeem, CEO President." (R4, tab 13)

6. On 16 August 2013, the government completed a DD Form 1594, Contract Completion Statement, which annotated that final payment had been processed (R4, tab 14).

7. On 17 November 2015, the government received a notice from DFAS that it had received reimbursement for the $500.00 DBA insurance.

8. On 14 January 2017, American Boys filed an appeal with the Board that was assigned ASBCA No. 60996. On 16 February 2017, the government filed a motion to dismiss for lack of jurisdiction because American Boys had never submitted a certified claim to the CO. On 25 April 2017, the Board dismissed the appeal. *American Boys Constr. Co.*, ASBCA No. 60996, 2017 WL 1957300.

9. On 9 February 2017, more than 3.5 years after the notice of termination, American Boys submitted a termination settlement proposal as a certified claim to the CO (gov't mot. ¶ 14; app. resp. at 2). On 12 April 2017, the CO issued its contracting officer's final decision, denying the claim in full because American Boys did not file a settlement proposal within one year of the termination (R4, tab 16). The record does not contain any evidence regarding a request for a time extension by appellant between 13 April 2013 and 9 February 2017.

10. On 5 May 2017, American Boys filed the instant appeal with the Board, which we docketed as ASBCA No. 61163.

## DECISION

*Jurisdiction*

As an initial matter, "we must satisfy ourselves that we have jurisdiction to entertain the appeal." *Ryste & Ricas, Inc.*, ASBCA No. 54514, 06-1 BCA ¶ 33,124 at 164,146, *aff'd, Ryste & Ricas, Inc. v. Harvey*, 477 F.3d 1337 (Fed. Cir. 2007). In *Ryste & Ricas*, appellant certified its proposal as a claim. American Boys did the same in this case. As a result, we conclude that we have jurisdiction. *See Black Bear Construction Co.*, ASBCA No. 61181, 17-1 BCA ¶ 36,914 at 179,847.

*Summary Judgment*

It is well settled that summary judgment is appropriate where the moving party establishes that there are no disputed material facts, and the moving party is entitled to judgment as a matter of law. *Riley & Ephriam Constr. Co. v. United States*, 408 F.3d 1369, 1371-72 (Fed. Cir. 2005); *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987). When considering summary judgment motions, "the evidence of the non-moving party is to be believed, and all justifiable inferences are to be drawn in his favor." *Tri-County Contractors, Inc.*, ASBCA No. 58167, 13 BCA ¶ 35,310 at 173,346 (citing FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)). The parties do not genuinely dispute any of the material facts set forth in our SOF.

The parties do not dispute that the government terminated the contract on 13 April 2013 (app. resp. ¶ 4; gov't mot. ¶ 7). The parties also do not dispute that American Boys

did not file its termination settlement claim until 9 February 2017 (app. resp. ¶ 5; gov't mot. ¶ 14). Further, the parties do not dispute that the contract was issued and do not dispute the terms and conditions of the contract (app. resp. ¶ 1; gov't mot. ¶ 1). As a result, the inclusion of FAR 52.249-2, Alt I, is not contested. Thus, American Boys was required to submit its termination settlement proposal within one year of the effective date of the termination, which would have occurred by 12 April 2013. However, American Boys waited until 9 February 2017, over three additional years, before submitting its claim to the CO. Appellant has not provided any evidence that it requested a time extension pursuant to the contract.[*] (*See* SOF ¶¶ 2, 9) Thus, because American Boys' termination settlement claim was late and no extension was granted by the CO, we must deny the appeal.

## CONCLUSION

The government's motion for summary judgment is granted. The appeal is denied.

Dated: 9 January 2018

HEIDI L. OSTERHOUT
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[*] Appellant was allowed "1 year from the effective date of termination, unless extended in writing by the Contracting Officer upon written request of the Contractor within this 1-year period" to file its claim pursuant to FAR 52.249-2(e), Termination for Convenience of the Government. Further, FAR 52.249-2(j) states "that if the Contractor failed to submit the termination settlement proposal or request for equitable adjustment within the time provided in paragraph (e) or (l), respectively, and failed to request a time extension, there is no right of appeal" (*see* SOF ¶ 2). American Boys does not contest that the claim was not filed until 9 February 2017 (SOF ¶ 9). American Boys also does not claim that it submitted any requests for extension. American Boys does not provide any rationale for why its claim was late and simply states that the government is liable for the costs it incurred. (Compl.; app. resp.)

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61163, Appeal of American Boys Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5