# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Abdul Khabir Construction Co. ) | ASBCA No. 61155 |
| ) | |
| Under Contract No. W91B4M-09-C-4063 ) | |

APPEARANCE FOR THE APPELLANT:   Mr. Jawad
                                Corporate Officer

APPEARANCES FOR THE GOVERNMENT:   Raymond M. Saunders, Esq.
                                   Army Chief Trial Attorney
                                  MAJ Jason W. Allen, JA
                                  MAJ Bruce L. Mayeaux, JA
                                   Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE YOUNGER
## ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

In this appeal regarding a construction contract terminated for convenience, the government has moved for summary judgment, contending that appellant failed to submit its termination settlement proposal within a year of the effective date of termination, and did not submit its certified claim until more than seven years after termination. Appellant counters that the government never asked for a settlement proposal, and never told it where to file a claim. We grant the motion and deny the appeal.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. By date of 4 April 2009, the Kabul Regional Contracting Center (government) awarded Contract No. W91B4M-09-C-4063 (the contract) to Abdul Khabir Construction Co. (Abdul Khabir or appellant) for the construction of living quarters, office buildings, and support facilities at Forward Operating Base (FOB) Baylough, in Zabul Province, Afghanistan (R4, tab 2 at 2, tab 5 at 5-6).

2. The contract contained two fixed-price contract line item numbers (CLINs). The first was for construction work at FOB Baylough in the amount of $638,923.68. (R4, tab 2 at 3-4) The second was for Defense Base Act (DBA) insurance in the amount of $6,594 (*id.* at 4, 20-21).

3. The contract incorporated by reference various standard clauses, including FAR 52.233-1, DISPUTES (JUL 2002); and FAR 52.249-2, TERMINATION FOR CONVENIENCE OF THE GOVERNMENT (FIXED-PRICE) (MAY 2004) – ALTERNATE I (R4, tab 2 at 22). The latter clause provided, in paragraphs (e) and (j):

> (e) After termination, the Contractor shall submit a final termination settlement proposal to the Contracting Officer in the form and with the certification prescribed by the Contracting Officer. The Contractor shall submit the proposal promptly, but no later than 1 year from the effective date of termination, unless extended in writing by the Contracting Officer upon written request of the Contractor within this 1-year period. However, if the Contracting Officer determines that the facts justify it, a termination settlement proposal may be received and acted on after 1 year or any extension. If the Contractor fails to submit the proposal within the time allowed, the Contracting Officer may determine, on the basis of information available, the amount, if any, due the Contractor because of the termination and shall pay the amount determined.

> ....

> (j) The Contractor shall have the right of appeal, under the Disputes clause, from any determination made by the Contracting Officer under paragraph (e)...of this clause, except that if the Contractor failed to submit the termination settlement proposal or request for equitable adjustment within the time provided in paragraph (e)..., and failed to request a time extension, there is no right of appeal.

4. By date of 17 July 2009, the contracting officer issued a notice to proceed, effective the next day (R4, tab 9). Abdul Khabir appears to have received the notice to proceed on 22 July 2009 (*id.*). In the notice, the contracting officer directed Abdul Khabir to "complete all requirements of this project within **120 calendar** days of the effective date of this Notice to Proceed, but no later than **14 November 2009**" (*id.*) (emphasis in original).

5. The record reflects that Abdul Khabir did not perform any work on the contract (R4, tabs 10-11).

2

6. By email dated 14 January 2010, the contracting officer proposed a no-cost convenience termination to Abdul Khabir (R4, tab 10). The contracting officer attached a notice of convenience termination, in which he directed Abdul Khabir to "cease all work immediately," to keep records of its compliance with the contract, and to acknowledge receipt of the notice of termination (*id.* at 2-3).

7. By date of 26 March 2010, the contracting officer issued unilateral Modification No. P00002, "to reflect a no-cost settlement agreement with respect to the Notice of Termination," and to release both parties from any further obligations under the contract. The effective date of the termination is shown as "26-Mar-2010." (R4, tab 4 at 1)

8. By email to an Army procurement technician dated 29 October 2012, Abdul Khabir advised that the contract "was terminated and we have not been paid the attached Paid DBA payment" (R4, tab 14 at 1; *see* statement 2). Abdul Khabir offered to submit an invoice (*id.*).

9. By date of 22 February 2017, Abdul Khabir submitted to the Army a "Complaint Letter" seeking $507,340.00 for construction materials (R4, tab 19 at 19-20). As part of its Complaint Letter, Abdul Khabir submitted a certification stating that it "hereby certify that the claim is made in good faith. [Abdul Khabir] kindly requesting the reimbursement of incurred Cost for Material and Labors." (*Id.* at 20)

10. By date of 2 May 2017, Abdul Khabir submitted to the Board a "Complaint Letter" seeking $507,340.00 in incurred costs. Abdul Khabir's authorized officer included the following certification:

> I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable; and that I am duly authorized to certify the claim on behalf of the Abdul Khabir Construction Co.

11. We find no evidence that, within one year from 26 March 2010, the effective date of the termination, the contracting officer extended, in writing or otherwise, the time within which Abdul Khabir could submit its settlement proposal.

## DECISION

### A. *Contentions of the Parties*

In moving for summary judgment, the government advances two propositions. The first is that Abdul Khabir's claim is not appealable because no settlement proposal was submitted within one year of the effective date of the termination (Government's Motion for Summary Judgment and Request for Stay of Proceedings (mot.) at 7-8). The second is that Abdul Khabir's claim was untimely because it was not submitted within the six-year statutory period, and there is no showing that the limitations period should be tolled (*id.* at 9-10). In responding to these arguments, Abdul Khabir contends first that the government never asked it to submit a termination settlement proposal (Response for Government's Motion for Summary Judgment (resp. at 3)). With respect to the government's second argument, Abdul Khabir stresses that its claim is still timely because the government failed to advise it that it could appeal to the Board (*id.* at 3).

### B. *Certification*

Although neither party directly raises the issue, "we must satisfy ourselves that we have jurisdiction to entertain the appeal." *Ryste & Ricas, Inc.*, ASBCA No. 54514, 06-1 BCA ¶ 33,124 at 164,146, *aff'd, Ryste & Ricas, Inc. v. Harvey*, 477 F.3d 1337 (Fed. Cir. 2007); *see also Macro-Z Technology*, ASBCA No. 56711, 14-1 BCA ¶ 35,712 at 174,859, *aff'd, Macro-Z Technology v. Mabus*, 793 F.3d 1375 (Fed. Cir. 2015). The jurisdictional inquiry focuses upon the adequacy of Abdul Khabir's certification of the claim. Certification in accordance with 41 U.S.C. § 7103(b)(1), for claims of more than $100,000, is a prerequisite to our jurisdiction. *New Iraq Ahd Co.*, ASBCA No. 58800, 14-1 BCA ¶ 35,479 at 173,953.

With the Complaint Letter that Abdul Khabir submitted to the Army, it included a certification stating only that it "hereby certify that the claim is made in good faith. [Abdul Khabir] kindly requesting the reimbursement of incurred Cost for Materials and Labors." (Statement 9) This certification is defective.

For claims in excess of $100,000, the statute requires the contractor to make a four-pronged certification that:

> (A) the claim is made in good faith;
> (B) the supporting data are accurate and complete to the best of the contractor's knowledge and belief;
> (C) the amount requested accurately reflects the contract adjustment for which the contractor believes the...Government is liable; and

4

(D) the certifier is authorized to certify the claim on
behalf of the contractor.

41 U.S.C. § 7103(b)(1). The Disputes clause in the contract (*see* statement 3) prescribes, in FAR 52.233-1(d)(2)(iii), specific certification language to implement 41 U.S.C. § 7103(b).

The certification that Abdul Khabir tendered to the contracting officer only included a statement that complied with the first prong of the statutory requirement, *viz.*, that "the claim is made in good faith" (statement 9). Nonetheless, a certification satisfying only a single prong is not the same as the complete absence of a certification, which would deprive us of jurisdiction. *See Western Plains Disposal*, ASBCA No. 56986, 11-1 BCA ¶ 34,617 at 170,613 (holding that Certificate of Current Cost or Pricing Data making the second assertion required by 41 U.S.C. § 7103(b) was not tantamount to the absence of certification and was correctible). While Abdul Khabir's defective certification "does not deprive us of jurisdiction,...it must be corrected before we issue a decision." *Bizhan Niazi Logistic Services Co.*, ASBCA No. 59205, 14-1 BCA ¶ 35,703 at 174,827. Abdul Khabir has since corrected the original certification (statement 10), and we accordingly conclude that we have jurisdiction to address the merits of the motion.

C. *Timeliness of Proposal*

In assessing the merits of the motion, we are guided by the familiar formulation that "[s]ummary judgment is properly granted only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987). "Our task is not to resolve factual disputes, but to ascertain whether material disputes of fact – triable issues – are present. *John C. Grimberg Co.*, ASBCA No. 51693, 99-2 BCA ¶ 30,572 at 150,969. A material fact is one that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Termination for Convenience clause in the contract (*see* statement 3) provides, in paragraph (e), that the contractor "shall submit the proposal promptly, but no later than 1 year from the effective date of termination, unless extended in writing by the Contracting Officer upon written request of the Contractor within this 1-year period."

The parties do not dispute that the effective date of the termination was 26 March 2010, as specified in Modification No. P00002 (statement 7). Under paragraph (e) of the Termination for Convenience clause, Abdul Khabir had one year from this date, or no later than 26 March 2011, within which to submit its termination proposal. We have found no evidence that the contracting officer extended the

5

one-year time period (statement 11). There is no dispute that Abdul Khabir did not submit a proposal, and did not contact the government, until 29 October 2012 (statement 8), over 18 months after the due date, when it asserted that it had not been reimbursed for DBA insurance (*id.*).

Thus, because Abdul Khabir's termination settlement proposal was untimely and the contracting officer did not grant an extension, we must deny the appeal. *American Boys Construction Co.*, ASBCA No. 61163, 18-1 BCA ¶ 36,949.

Having satisfied ourselves that Abdul Khabir's settlement proposal was untimely, we need not address the government's second argument, regarding the timeliness of its claim.

## CONCLUSION

The government's motion for summary judgment is granted. The appeal is denied.

Dated: 6 April 2018

ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

6

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61155, Appeal of Abdul Khabir Construction Co., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals